Rump v. Schwartz.

## RUMP v. SCHWARTZ ET AL.

1. **Contract**: REFORMATION OF: EQUITABLE JURISDICTION. An allegation of a mistake in a written contract, and a prayer for its correction, will not authorize the reformation of the contract in other particulars nor impair its validity as to its other provisions.

2. ———: FORFEITURE: WAIVER OF. Where after default in making payments under a contract for the sale of land, whereby under its terms a forfeiture was worked, the vendor enforced payment of a portion of the sum by the sale of property mortgaged as security, it was held that he thereby waived the forfeiture and could not insist thereon after a tender of the balance due under the contract.

*Appeal from Lee District Court.*

TUESDAY, OCTOBER 18.

ACTION for specific performance. Decree for the plaintiff, and defendants appeal.

*Casey & Casey* and *Craig, Collier & Craig,* for appellants.

*Van Valkenberg & Hamilton, H. Lohmer* and *Newman & Blake,* for appellee.

SEEVERS, J.—The petition states that plaintiff purchased of the defendant Catherine Schwartz the east half of the southwest quarter of section thirty-five, in township seventy-eight north, of range five west, containing eighty acres, for which he agreed to pay twenty-two hundred dollars, and gave his two promissory notes for eleven hundred dollars each, one payable August 12, 1878, with interest from March 12, 1878, and the other payable March the first, 1879, with interest from August 12, 1878. Each of said notes "having approved security thereon;" that said Catherine gave the plaintiff a bond whereby she bound herself to convey said premises to the plaintiff upon condition he paid said notes at maturity, and also paid the taxes upon said premises; that on June 20th, 1879, the plaintiff tendered said Catherine $404.50, which was the full amount due, and demanded a deed, which said Catherine refused to execute; that the amount aforesaid was deposited in bank, and was at the "disposal of said Catherine at any time she may call for the same upon the execution" of said deed.

The bond was in the penal sum of forty-four hundred dollars, and contains the following among other provisions:

"*Whereas*, said Catherine Schwartz has this day agreed to sell to the said John Rump the following tract of land in Lee county, Iowa, to-wit: The east half, southwest quarter of section thirty-five (35), township sixty-eight (68) north, of range five (5) west, containing eighty acres more or less, on condition that the said John Rump shall pay the sum of two thousand and two hundred dollars in the manner following, to-wit: Eleven hundred dollars on the 12th day of August, A. D. 1878, with interest on the same at ten per cent from the 12th day of March, A. D. 1878, with approved security; eleven hundred dollars on the 1st day of March, A. D. 1879, with interest on the same at ten per cent from the 12th day of August, A. D. 1878; eleven hundred dollars on the 1st day of October, A. D. 1879, with interest on the same at ten per cent from the 12th day of November, A. D. 1878, with ap-

proved security; eleven hundred on the 1st day of July, A. D. 1880, with interest on the same at ten per cent from the 1st day of November, A. D. 1879, with approved security."

The bond further provides that the plaintiff shall pay the taxes on the land aforesaid, and the notes above described when due, and "that time is of the essence of this contract, and that in the event of the non-payment of said sums of money, or any part thereof, promptly at the time herein limited, that then the said Catherine Schwartz is absolutely discharged at law and in equity from any liability to make and execute such deed and may treat the said John Rump as a tenant."

It was averred in the petition there was a "technical error in said bond" in the reference therein made to the two last notes described; that the same related to "another and distinct transaction and ought not to have been incorporated" therein, and it was asked that the same be stricken out.

It was stated in an amended petition the first note described in the bond had been paid about the time it became due, and that to secure the second note the plaintiff executed certain chattel mortgages which were foreclosed by said Catherine, and on June 19th, 1878, she received $601.50 as the proceeds of the mortgaged property, which should be applied as a payment on said second note; that thereby the stipulations of the bond in relation to time being of the essence of the contract were waived, and by the acts aforesaid the defendants were estopped from insisting the plaintiff was not entitled to a specific performance. Other payments on said note were alleged to have been made. Among other things the answer contained the following:

"Defendants show the truth to be that the defendant Catherine Schwartz contracted to sell to John Rump 160 acres of heavily timbered land, which the said John Rump wished to purchase for the purpose of sawing up the saw-timber thereon into lumber, building timber, railroad ties, etc., etc.; that said land is described as follows, to-wit: The

southwest quarter of section thirty-five, township sixty-eight, north, of range five, west, in Lee county, Iowa; and defendants show that said Rump. was to pay for said land the sum of $4,400, or $1,100 for each forty acre tract. That he was to give four notes of $1,100 each for this land, and that one of these notes was to be paid from the proceeds of the lumber, timber, ties, etc., cut and sawed from the first forty entered upon; and the second forty was not to be entered upon until the first note, which was understood to be for the first forty, was fully paid, and thus each of the three successive forty acre tracts was to be paid for from the proceeds of the timber on that forty before the next should be entered upon by plaintiff. And it was plainly and expressly understood that defendants did not wish to sell a part of said land, but all of it, and that no deed was to be made to any part thereof until all should be paid for in the time and manner provided in the contract, and until all the conditions of the contract were fulfilled, and that in case the conditions were not fulfilled that defendant Catherine Schwartz was to retain the land absolutely. And defendant says that in pursuance of this understanding and contract she executed a bond for a deed."

The defendants denied there was a technical error in the bond and denied the plaintiff had performed the contract upon his part, and it was alleged the plaintiff had failed to pay the taxes and that defendants had been compelled to do so. It was, however, admitted the first note described in the bond had been paid. It was averred in the answer the defendants had not waived the provision as to time being of the essence of the contract, or that they were estopped by anything they had done from insisting the plaintiff was not entitled to a specific performance because he had failed to make the payments as provided in the bond.

In an amendment to the petition filed after the answer the plaintiff stated "that before the maturity of the last note named in the bond the said defendant sold and delivered, by

deed in writing, the eighty acre tract not named in the bond but described in defendant's answer to one H. B. Scott, for the sum of $2,400."

Iu an amended answer the defendants stated "that in the bond for a deed. upon which this suit is brought there is an error in the specification in the time of payment and the time interest should begin on the third and fourth payments." The error relied on is set forth at length, and it was asked that said bond be " corrected in this regard so as to correspond with the agreement and intention of the parties."

There was a further amendment to the petition as follows: "Now comes the plaintiff and amends his petition, and adds the further averment that he now offers to bring into court for the use of defendants any amount found due on the second $1,100 note given for the eighty acres of land named in the bond sued on, and asks the court to determine the amount so due, and offers to pay the same and prays as in the original and amended petition."

There are other allegations in the pleadings, but we think the foregoing sufficient for a proper understanding of the questions determined.

I.   It will be observed appellants do not claim there was either fraud or mistake in drafting the bond except as to the time the third and fourth payments became due and interest thereon commenced, and no affirmative relief is asked in any other respect, yet they insist the contract is not correctly stated in the written obligation and that as a correction is asked parol evidence is admissible for the purpose of showing what the contract in fact was.   Conceding this to be so the contract must stand, and the rights of the parties measured thereby, except as it may have been impeached for fraud or mistake.   Therefore we reject and refuse to consider all evidence contained in the record in relation to any other tract of land than that described in the bond.

1. CONTRACT: reformation of: equitable jurisdiction.

II.   What is the proper construction of the bond—that is,

how much did the plaintiff agree to pay for the land therein
described? That there is some doubt and uncertainty as to
this must be conceded because of the contradictory provi-
sions of the bond. Without referring to rules established
with more or less unanimity in the books we think the ad-
missions in the answer free the question under consideration
of all reasonable doubt. It is therein stated the plaintiff
agreed to pay eleven hundred dollars for each forty acres,
thus making the amount to be paid for the land described in
the bond twenty-two hundred dollars, being the amount the
plaintiff claims he agreed to pay. That this is the correct
amount is sustained by at least one provision of the bond, and
we therefore adopt it as being the only true construction, and
what the parties, we think, must have intended.

III. The first note was not paid at maturity. But by
accepting the amount due after that time the defendants
waived the provision as to time being of the es-
sence of the contract as to that payment. The
second note was not paid at maturity and it may be the de-
fendants could have insisted that according to the terms of
the contract they were released therefrom. They did not,
however, do so, but availed themselves of process provided by
law to enforce the payment of the amount due on said note
by foreclosing the chattel mortgage given as security for the
payment of the note. From this source nearly one-half of
the amount due was realized. At no time previous to the
commencement of this action did the defendants declare a
forfeiture or notify the plaintiffs they would insist on the
provision as to time being of the essence of the contract.
When the tender was made no such claim was insisted on,
nor did they offer to surrender the notes. Under such cir-
cumstances we hold the defendants waived the provision
aforesaid and are estopped from insisting thereon. The
plaintiff failed to pay the taxes of 1878 and the same were
paid by the defendants on the 28th day of February, 1879.
The chattel mortgage was not foreclosed until June, 1879

*2. ———: for-
feiture:
waiver of.*

Rump v. Schwartz.

The failure to pay the taxes was waived by the foreclosure of the mortgage. The tender was made in June, 1879. The taxes for that year were not then due and the plaintiff cannot be prejudiced by a failure afterward if his tender was sufficient when made.

IV. Was the tender sufficient? The court below seems to have disregarded the allegations of the petition in this respect and from the evidence found the amount due to be less than the sum tendered. In this we think the court erred. The plaintiff in his pleadings and by his tender admitted there was due at the time the tender was made $404.50, and for this amount, at least, the defendants were entitled to judgment.

Counsel for the plaintiff insist the tender and admissions in the petition were modified by the amended petition wherein it was stated the plaintiff was willing to pay whatever sum might be found due. No part of the petition, however, was withdrawn, nor was the amount tendered or the admissions of the answer in any respect modified. The only reasonable construction of the pleadings is that the plaintiff was willing to pay any amount found due in excess of the tender. The amount tendered was, we think, clearly sufficient.

MODIFIED AND AFFIRMED.