## RUMP v. SCHWARTZ.

1. **Chattel Mortgage:** CLAIM THAT MORTGAGED PROPERTY WAS SEIZED UNDER, AND WRONGFULLY CONVERTED: ESTOPPEL BY PLEA IN FORMER ACTION. Where plaintiff, in a prior action against the defendant, pleaded that the proceeding under which defendant claimed to have acquired the property in question was a foreclosure of a chattel mortgage upon the property, and under such plea he (plaintiff) received all the rights and advantages which could have accrued to him if the proceeding had in all respects been regular, he cannot now be permitted, while retaining those advantages, to assert that defendant was a mere trespasser in that proceeding, or that he (plaintiff) was not divested of the property by the sale. The principle of *Deford v. Mercer*, 24 Iowa, 118, followed.

*Appeal from Lee District Court.*

THURSDAY, DECEMBER 10.

ACTION to recover the value of certain personal property. Plaintiff alleges that he gave defendant a chattel mortgage on said property to secure a promissory note for $1,100, and that, default having been made in the payment of said note, defendant placed the mortgage in the hands of the sheriff of Lee county for foreclosure, who took possession of the

mortgaged property thereunder, and that defendant, after having caused the property to be seized by the sheriff, permitted a portion of it to go to decay and become worthless, through negligence and want of proper care, and converted the remainder thereof to her own use, without causing the same to be sold in the manner provided in the mortgage. Defendant in her answer admitted the execution of the mortgage and the seizure of the property thereunder, but denied the other allegations of the petition, and alleged that the property was sold at public sale by the sheriff in the manner provided for in the mortgage, and that the same was purchased by her husband, and that, after deducting the costs and expenses of the sale, the remainder of the sum for which the property was sold, to-wit, $158.95, was credited on the note secured by the mortgage. She also alleged that plaintiff was estopped to deny the legality of the sale of said property, for the reason that, in a suit brought by plaintiff against defendant in the district court, which involved the balance due on said note and the title to a certain tract of land, plaintiff alleged and pleaded the foreclosure of said mortgage and said credit on said note. And the court found in its decree that said allegations were true; also that in said action plaintiff alleged that said foreclosure and credit estopped the defendant from pleading the provisions of the contract sued on in said case, which made time the essence of the contract. There was a trial to a jury, who found for plaintiff, and judgment was entered on the verdict. Defendant appeals.

*Casey & Casey* and *Craig, Collier & Craig,* for appellant.

*Newman & Blake* and *Henry Lohmar,* for appellee.

REED, J.—The verdict and judgment are sustained by the evidence, unless plaintiff is defeated of his right to recover by the matters set up by defendant as an affirmative defense.

The evidence given in support of said defense established the following state of facts: The parties entered into a written contract, by which defendant covenanted to sell and convey to plaintiff a certain tract of land for the price of $2,200. For this amount plaintiff gave his two promissory notes for $1,100 each, payable at different times. One of the stipulations of the contract was that in the event of the non-payment by plaintiff of said sums of money, or any part thereof, promptly at the time therein limited, defendant would be discharged from his undertaking to convey the land, and from all liability under the agreement. Afterwards plaintiff executed two chattel mortgages to secure said notes. The note first falling due was paid at its maturity, but, default being made in the payment of the other note, defendant caused foreclosure proceedings to be instituted thereon. No question is made as to the legality of the sale of the property covered by one of the mortgages. There was a seizure of the property covered by the other mortgage, and a formal sale thereof was made; defendant being the purchaser. The evidence, however, tended to show such irregularities in the conduct of the sale as would warrant the finding of the jury that it was void, and that defendant was liable as for the conversion of the property. The amounts realized from both sales, after deducting the costs and expenses, were credited on the note, but they were not sufficient to satisfy it. Plaintiff then tendered to defendant an amount of money sufficient to pay the balance remaining due thereon, and demanded a conveyance of the land; and, on defendant's refusing to make the conveyance, he instituted a suit in equity to compel a specific performance of the contract, and a judgment was entered compelling defendant to make a conveyance of the land. From that judgment defendant appealed to this court, but on the hearing of the appeal the judgment was affirmed. See *Rump v. Schwartz*, 56 Iowa, 611.

On the trial defendant asked the court to instruct the jury

that upon these facts plaintiff was now estopped to assert that he was not divested of the property by the foreclosure proceeding. But the court refused to give such instruction, and told the jury that if the facts essential to plaintiff's recovery were proven, his right of recovery was not defeated by the fact that plaintiff had pleaded the foreclosure of the mortgage in the former action. The only question argued by counsel is as to the correctness of these rulings. In our opinion the rulings are erroneous. Plaintiff was entitled to relief in the former action only in case he could show that the provision of the written agreement making time of the essence of the contract had been waived by defendant. To establish such waiver he alleged that, after his default in the payment of the note had occurred, defendant had foreclosed the mortgages and sold the property and credited the proceeds of the sales on the note, and his tender was of the remainder due upon the note after deducting those credits. He not only asserted that the mortgages had been foreclosed, but claimed credit for the proceeds of the sales, and upon these facts the court adjudged that he was entitled to relief. Having once asserted that the proceedings under which defendant claimed to have acquired the property was a foreclosure of the mortgage, and having demanded and received all the rights and advantages which could have accrued to him if the proceeding had in all respects been regular, he cannot now be permitted, while retaining those advantages, to assert that defendant was a mere trespasser, or that he was not divested of the property by the sale. He is in precisely the same position he would have occupied if he had received and retained the proceeds of the sale; for he has demanded that they be applied to his use and benefit, and they have been so applied. The case is clearly within the principle laid down in *Deford v. Mercer*, 24 Iowa, 118. See, also, the cases cited in the note to that case.

The judgment will be reversed, and the cause will be remanded to the district court for further proceedings in that court.                                    REVERSED.