HUTTON ET AL. v. LAWS ET AL.

1. **Equitable Jurisdiction**: ADMINISTRATOR. The Circuit Court, as a court of equity, will not review and correct the acts of an administrator while administration is pending.

2. **Partnership**: SURVIVING PARTNER: ACCOUNTING. The surviving member of a partnership cannot be held to account to the heirs of his deceased partner while the estate of such deceased partner is in probate, although he is himself the administrator. The remedy of the heirs, if not satisfied with his action, is to make application for his removal and the appointment of a new administrator.

3. **Estate**: PROCEEDINGS OF PROBATE COURT: COLLATERAL ATTACK. The correctness of the proceedings of a probate court, if regular, cannot be questioned except by direct proceedings in the same court or on appeal.

*Appeal from Clarke Circuit Court.*

THURSDAY, APRIL 21.

ACTION in equity to settle a partnership account, and also to set aside a certain administrator's sale, and to cancel certain deeds. The defendant, E. M. Laws, and his brother, W. Y. Laws, were for several years prior to October 7, 1870, partners, doing business as druggists and dealers in real estate, under the name of E. M. Laws & Bro., at Osceola, in Clarke county. On the day aforesaid W. Y. Laws died intestate. The brother and surving partner, E. M. Laws, was appointed administrator of his estate. The plaintiffs, James L. Hutton and Homer R. Hutton, are nephews and heirs of W. Y. Laws. The plaintiff, H. F. Bowers, is executor of the will of Daniel Laws, deceased, who was also an heir of W. Y. Laws. Other heirs of W. Y. Laws are made defendants herein, but were not, so far as the records show, served with notice. The complaint of the plaintiffs is that E. M. Laws, both while acting as surviving partner of E. M. Laws & Bro., and while acting as administrator of the estate of W. Y. Laws, was guilty of illegal and fraudulent acts, whereby

the property belonging to the estate of W. Y. Laws has been wrongfully appropriated by him. In particular it is averred that he made fraudulent claims against the estate of W. Y. Laws, and fraudulently procured the establishment of the same by the Circuit Court, and wrongfully caused certain real estate to be sold for the payment of the claims, and procured the same to be bid in for himself at a price greatly below its value. The court below dismissed the plaintiffs' petition and ordered E. M. Laws to make a full accounting as administrator in the probate court. The plaintiffs appeal.

*Kirke W. Wheeler, Wilson Bros.* and *H. H. Trimble,* for appellants.

*Chaney & Temple, Likes & Smith* and *C. C. Cole,* for appellees.

ADAMS, CH. J.—Since the rendition of the decree in the court below E. M. Laws has died, and M. E. Laws has been substituted as his administratrix.

The fact that E. M. Laws is dead need not be considered in the determination of the case. If the decree was right when made it must be affirmed notwithstanding E. M. Laws himself cannot comply with the decree by making settlement with the probate court as the decree requires. Where an administrator dies a new administrator should be appointed in his place, and an administrator should also be appointed of the estate of the deceased administrator, and the administration account of the deceased administrator should be settled by his administrator.

1. EQUITABLE jurisdiction: administrator.

That the Circuit Court was correct in refusing, as a court of equity, to take cognizance of and settle E. M. Laws' account as administrator seems to us clear. It is true the court has probate powers and is the identical court in which the administration is pending. But its equity powers are dis-

tinct, and the case is not different from what it would be if the court was only a court of equity. That a court of equity will not review and correct the acts of an administrator while administration is pending in a probate court has been held in *Mollett v. Dexter*, 1 Curt., 178, and *Copers v. Mc-Caa*, 41 Miss., 479. An administrator must be held accountable to the court from which his letters issued and where his bond is given, and to no other.

This action, however, is brought against E. M. Laws as surviving partner as well as administrator, and it is contended

2. PARTNER-SHIP: surviving partner: accounting.

that if he cannot be called to account in the latter capacity he can in the former. A surviving partner can of course be called to account as such, and that, too, in a court of equity, but when there is administration upon the estate of the deceased partner he is liable to account to the administrator, and not to the heirs. *Dyer v. Clark*, 5 Met., 576. *Murray v. Mumford*, 6 Cowen, 441.

In the case at bar it happens that the surviving partner and administrator are the same person, but the rule, we think, is not for that reason different. As administrator E. M. Laws was bound to account for all that should have come into his hands after a proper settlement of the partnership affairs. If his conduct as surviving partner was such as to afford reasonable ground for believing that the persons beneficially interested could not be properly protected by the Circuit Court in the exercise of its probate powers, he should, upon proper application, have been removed as administrator and another person substituted, whose duty it would have been to institute an action against him in equity.

We come next to inquire whether the plaintiffs are entitled to relief by reason of the fraud of E. M. Laws in asserting

3. ESTATE: proceedings of probate court: collateral attack.

and obtaining the allowance of a claim against the estate.

It is insisted that the claim was not a valid one and ought not to have been allowed.

But it appears that a special administrator was appointed who resisted its allowance, and who was successful in defeating about one-half thereof. Whether the allowance that was made was not too great it is not our province to inquire. There is no evidence of any fraud or imposition practiced upon the court, and the question as to the correctness of the allowance is not presented by appeal.

As further ground of complaint plaintiffs question the correctness of the proceedings by which certain real estate was sold at administrator's sale. But the order of sale was made after due notice to the heirs, and the deed executed in pursuance of the sale was approved in open court. If the court erred in granting the order of sale or in approving the deed it appears to us that the error could be corrected only upon appeal. *Little v. Sinnett*, 7 Iowa, 324.

It is claimed, however, that E. M. Laws was virtually the purchaser at the sale. If such was the fact, the heirs at their election would be entitled to have the sale set aside. Some of the heirs may be considered as having so elected by bringing this action.

The sale was made to one Riley, who afterwards conveyed to E. M. Laws. The interest sold was an undivided half interest. E. M. Laws owned the other half.

To prove that Riley bought the property for E. M. Laws the plaintiff introduced Riley as a witness. He testified in substance that while there was some conversation between himself and E. M. Laws which led him to conclude that the latter desired to purchase the property, on account of being already owner of an undivided half, his recollection is that there was no understanding that the property would be taken off his hands by E. M. Laws; that he had an expectation of disposing of it to him, but that the expectation was based on his knowledge that he wanted it.

There is nothing incredible upon the face of this testimony. The witness is the plaintiffs'. In introducing him they held him out to the court as a truthful person. If the alleged

understanding existed he knew it.   No witness testified that it existed, and yet we are asked to hold that it did.

As showing that it did the plaintiffs rely upon certain circumstances.   One is that Riley paid nothing.   But he says that he expected to sell to E. M. Laws, and did sell, and had no occasion to pay anything.

Another circumstance is that during the time he owned the property he collected no rents; but his ownership extended only to an undivided half.

Again, he not only purchased but sold for somewhat less than the value of the property, if the estimate of the witnesses testifying to its value is to be taken.   But the property was sold at public sale and sold for more than it was appraised at.   The fact, if .it is a fact, that Riley bid less than it was worth would not tend to show that he bought it for E. M. Laws.   If he sold to E. M. Laws for less than it was worth, such fact, it must be conceded, would tend to show that he bought for him.   The weight to be given to the fact would depend largely upon how much less than its value he sold the property; his knowledge of the value, the opportunity to realize its value, and in the want of such opportunity his ability to hold the property.   Riley sold to E. M. Laws for $1,650, being a little more than he gave.   One witness estimated the value at $1,600 and the appraisers at $1,575. Now while it appears to us from the evidence that the property might have been worth $2,000, yet it was an undivided half interest, and it may be presumed that for that reason it was not quite as easily saleable as it would otherwise have been.   The difference, then, between the value and what Riley obtained does not tend very strongly to support the plaintiffs' claim.

We have not space to discuss all the circumstances relied upon by the plaintiffs.   It is sufficient to say that they can all be reconciled with Riley's testimony as above set out. We are not, therefore, prepared to say that his testimony is overcome, and the decree of the Circuit Court must be

AFFIRMED.