Mary A. McMorrow Duffy, Appellant, v. J. E. Duffy, Administrator of the Estate of Henry V. Duffy, Deceased.

**Bastards:** recognition: *Evidence.* Code, section 3385, provides that illegitimate children shall inherit from their father when the paternity is proved during his life or they have been recognized by him, such recognition to be general and notorious or else in writing. Plaintiff and decedent had illicit relations, and on the former's becoming pregnant, the latter took her to a distant city, secured a room for her, introducing her to the landlord and his wife as his wife, and during her stay there roomed with the plaintiff twice, treated her as his wife, and furnished her money in anticipation of the birth of the child. Decedent wrote to plaintiff that his counsel had advised him that she could bring suit for damages, and that was all she could do, even if he were not married. He further advised her to drop the matter, as suit would have to be brought in their home city. Prior to the child's birth, decedent died. *Held*, that decedent did not, generally and notoriously, or in writing, recognize the child as his, entitling it to a distributive share in the estate.

**Probate Jurisdiction:** order to pay distributive share. Under Code, sections 225, 3261, 3265, declaring jurisdiction for the distribution of estates to be exclusively in the probate court, an action brought by a widow for an order upon deceased husband's administrator to pay her distributive share of the assets of the estate is properly placed on the probate docket.

Trial by jury. An application for an order on an administrator as to the distribution of an estate is not triable by jury.

*Appeal from Allamakee District Court.*—Hon. A. N. Hobson, Judge.

Friday, October 11, 1901.

Plaintiff states as her cause of action, in substance, as follows: That J. E. Duffy is administrator of the estate of Henry V. Duffy, deceased, who died intestate April 27, 1897; that plaintiff was the lawful wife of said Henry V. Duffy at the time of his death, and is now his lawful widow; that as the result of said marriage there was born to them on the eleventh day of June, 1897, a

daughter, Mary Elizabeth Duffy; that said child died on the fourth day of July, 1897, and that plaintiff is the administrator of her estate, and that the child and plaintiff were the only surviving heirs at law of said Henry V. Duffy, deceased; that said Henry V. Duffy, deceased, at the time of his death, was possessed of certain life insurance amounting to $5,000 in the several companies named; that plaintiff claims all of said life insurance as widow of said Henry V. Duffy, and as mother and heir at law of said child, deceased, and any other property of which said Henry V. Duffy died seised. Plaintiff prays for an order on the defendant administrator that he pay to her the proceeds of said policies of life insurance and her distributive share in the real and personal property of said Henry V. Duffy, deceased, as widow, and the distributive share inherited by said child. On motion of the defendant the case was transferred from the law to the probate docket of said court, and thereafter the defendant answered, denying that plaintiff was ever married to, or is the widow of, Henry V. Duffy, deceased, and denying that Mary Elizabeth Duffy or the plaintiff is the heir of Henry V. Duffy, deceased. When the case was called for trial the plaintiff demanded a jury, which was refused, the court holding that the cause was "triable upon errors, and not as an equity action;" and upon trial had to the court the court adjudged "that the plaintiff was never married to Henry V. Duffy, deceased; that she is not the widow of said decedent;" and further adjudged "that the decedent never recognized the child Mary Elizabeth as is required by law, and that said child is not entitled to any part of said decedent's estate." Plaintiff's petition was dismissed, and she appeals.—*Affirmed.*

*J. P. Conway* and *Botsford, Healy & Healy* for appellant.

*J. H. Trewin, D. J. Murphy,* and *H. H. Stilwell* for appellee.

GIVEN, C. J.—I. Appellant's first complaint is against the ruling of the court sustaining the motion to transfer the case and refusing her trial by jury. Plaintiff does not ask a money judgment, but an order upon the defendant administrator as to the distribution of the assets of the estate. If the court had found for the plaintiff as to the proceeds of the life insurance or other assets either as widow or as heir at law of the deceased child, it could only have made an order as to the distribution to be made. Jurisdiction to do this is exclusively in the probate court. Code, sections 225, 3261, 3265. See, also, *Hutton v. Laws,* 55 Iowa, 710, and *Reed v. Lane,* 96 Iowa, 454. At common law issues of fact in proceedings in probate were not triable by jury, and in *Gilruth v. Gilruth,* 40 Iowa, 346, it was held that a trial by jury could only be demanded in cases in probate in which it was expressly allowed by statute. Our statute only provides for jury trials in probate proceedings in cases of contested wills and the allowance of claims against the estate. This is neither a contest of a will nor a dispute as to a claim against the estate, but an application for an order as to the distribution of the estate, as to which no provision is made for trial by jury. There was no error in transferring the cause nor in refusing a jury trial.

II. Appellant makes no complaint in argument of the finding "that the plaintiff was never married to H. V. Duffy, deceased, and that she is not the widow of said decedent," but insists that the court erred in finding "that the said decedent never recognized the child Mary Elizabeth as required by law, and that said child is not entitled to any part of said decedent's estate." If the plaintiff was unmarried, her child was illegitimate, and as to such children it is provided, in section 3385 of the Code, that "they shall inherit from the father when the paternity is proven during his life, or they have been recognized by him as his children; but such recognition must have been general

and notorious, or else in writing." Appellant contends that the evidence not only shows notorious and general recognition, but also recognition in writing. The facts are as follows: During and prior to the year 1896, Henry V. Duffy, an unmarried man, then aged about 33 years, was a member of a firm engaged in mercantile business at Waukon, Iowa, and plaintiff, an unmarried woman about the same age, was employed in the store as a clerk. These persons became intimate, and had illicit relations, which caused the plaintiff to become pregnant. In December, 1896, she went to Minneapolis, where she remained with her sister until February, 1897. On February 17, 1897, she met Henry V. Duffy in Chicago, and he secured a single room, with one bed, in a boarding house, for her, and paid $8 in advance on account of her board and lodging. He gave his name to the man and woman keeping the boarding house as McMorrow, and introduced the plaintiff to them as his wife. The plaintiff remained there for some time after the birth of her child, June 11, 1897, for a time paying her bills with money furnished by him. During her stay, and prior to his death, April 27, 1897, he visited and roomed with the plaintiff twice, and on each occasion represented and treated her as his wife. At these times the condition of the plaintiff was apparent, and on one occasion he saw her making infant's clothing, for the purchase of which he had furnished the money, in anticipation of the birth of the child. Soon after the birth of the child it was christened Mary Elizabeth Duffy by Father Hessen, and taken by him and a policeman to St. Vincent's Infant Asylum, where it was kept and cared for by the sisters in charge until its death, July 4, 1897. It cannot be doubted that Henry V. Duffy recognized that he was the father of this child, but the inquiry remains whether that recognition was "general and notorious or else in writing." It will be observed that Duffy died prior to the birth of the child. Appellant argues that there may be general and notorious

recognition before the birth of the child, but, as appellee makes no question as to this, it requires no further notice.

The recognition must be "general and notorious," and we first inquire whether Henry V. Duffy so recognized this child as his. "General. (1) Whole; total; that which comprehends or relates to all or the chief part; opposed to a particular object or relation; the public; the interest of the whole; vulgar. In general, in the main; for the most part; not always or universal." "Notorious. Generally known and talked of by the public; universally believed to be true; manifest to the world; evident; usually known to disadvantage." Webster's Dictionary. It is apparently beyond question that plaintiff and Henry V. Duffy during his life endeavored most strenuously not only to conceal from the public and their relatives and acquaintances the fact that he was the father of the child, but also the fact that a child was to be born to her.

It may be said that he acknowledged by his acts to the man and wife who kept the boarding house that he was father of the child of which the plaintiff was pregnant, but this was not a general and notorious recognition, but made with an effort at concealment rather than publicity. This recognition was to strangers in a large city distant from their Iowa home. They had gone there to conceal, rather than to make general and notorious recognition of, the facts. It does not appear that Duffy ever recognized the child as his to any other person. While it may be said that to these persons he recognized the child as his, this cannot be said to have been a general and notorious recognition, within the meaning of the statute. At a date that does not appear, but evidently after his last visit, and shortly prior to his death, Henry V. Duffy wrote a lengthy letter to the plaintiff, and this is relied upon as showing recognition in writing. The letter is too lengthy to be set out in full, but we have examined it with much care, and do not find that it refers to the fact of her pregnancy nor to the child. He writes that he took advice

of counsel, and was told that she could bring suit for damages, and in all probability would win, and that that was all she could do under the circumstances, "even if I were not married." He speaks of this suit as having to be brought in their home county, and the effect it would have upon both of them and advises her to drop the matter. All that is said about bringing a suit for damages may relate to an action for seduction or for breach of marriage contract, and, as we have said, it nowhere recognizes the child of which plaintiff was then pregnant as his child. It was not proven during the life of Henry V. Duffy that he was the father of this child, and, under the evidence, we cannot say that the court erred in finding that he had not generally and notoriously or in writing recognized the child as his.

It follows from these conclusions that the judgment of the district court should be AFFIRMED.