J. W. GREGORY, Appellee, v. DR. J. W. S. HOWELL & CO. AND BANKERS' INVESTMENT COMPANY, Appellants. EXCHANGE BANK OF MORNING SUN, IOWA, Defendant.

Jurisdiction: COURT FIRST ACQUIRING HOLDS IT: ALTERATION IN NOTE. Plaintiff, a resident of Louisa county, requested that his note be sent from Polk county to a bank in his county for inspection. He then brought an action in equity for the possession of the note, alleging that it was obtained by fraud, was without consideration, and after delivery had been fraudulently

altered.    The owner of the note began suit on same in justice
court of Polk county, and served notice on plaintiff.    Plaintiff
then filed an amendment to his petition in replevin, asking an in-
junction restraining the action before the justice.    Defendants
moved to dissolve the injunction on the ground that the Louisa
court obtained jurisdiction of the note by fraud, and filed a
plea in abatement to the same effect.    *Held*, the Louisa county
court having first obtained rightful jurisdiction, would hold it
to the end; that all questions in issue could have been liti-
gated in that proceeding; and that the provision making the
note payable in Polk county having been inserted after delivery
of the note and without consent of the maker, did not give
the justice of Polk county jurisdiction.

*Appeal from Louisa District Court.*—HON. W. S. WITH-
ROW, Judge.

FRIDAY, OCTOBER 10, 1902.

ACTION to recover the possession of a promissory note
purporting to have been signed by plaintiff.    The action
was also aided by an injunction restraining the defendant
the Bankers' Investment Company from prosecuting an
action on said note before a justice of the peace of Polk
county, Iowa.    The trial court found for the plaintiff, and
defendants Howell & Co. and the Bankers' Investment
Company appeal.—*Affirmed.*

*Geo. Wambaugh* and *Hale. & Hale* for appellants.

*Fred Courts.* and *H. E. Curran* for appellee.

DEEMER, J.—Plaintiff, Gregory, made and executed a
note for the sum of $100 to Howell & Co., on or about Feb-
ruary 27, 1900, due six months after date.    Howell & Co.
sold the note, before maturity, to the Bankers' Investment
Company.    The note purports to be payable at Des Moines,
Iowa.    After the maturity of the note it was placed in the
hands of attorneys for collection, and these attorneys gave
Gregory notice that they held the note, and should expect

payment thereof.   At Gregory's request a firm of attor-
neys living at his home county, Louisa, wrote the attorneys
for the investment company, asking that they send the
note to a local bank for inspection.   On receipt of this
letter the note was forwarded to the defendant the Ex-
change Bank of Morning Sun, in Louisa county.   This was
done on the 19th day of September, 1900.   On the 27th
day of that month, after inspecting the note, and conclud-
ing that there had been a material alteration therein,
Gregory commenced an action in the district court of
Louisa county against all the above-named defendants for
the recovery of the note, alleging that the note was ob-
tained through fraud and deceit, was without considera-
tion, and had, after its delivery, been fraudulently altered,
by inserting therein a stipulation making the instrument
payable at Des Moines, Iowa.   Notice of this action was
served on the Exchange Bank alone.   On September 29th
the Bankers' Investment Company commenced action
against the plaintiff herein before a justice of the peace in
and for Polk county, Iowa, and notice thereof was served
on plaintiff, Gregory.   Thereupon Gregory filed an amend-
ment to his petition in the replevin action, asking for a
writ of injunction restraining the investment company
from prosecuting its action before the justice of the peace
of Polk county.   A writ was issued as prayed, and defend-
ants other than the Exchange Bank appeared in the district
court of Louisa county, and filed a motion to dissolve the
injunction, based on the ground that that court had no
jurisdiction, and that the note had been fraudulently and
wrongfully obtained.   They also filed a plea in abatement
of the action, wherein practically the same questions were
raised as in the motion to dissolve.   This motion was over-
ruled, as also was the plea in abatement, and after a hear-
ing on the merits plaintiff was awarded the possession of
the note, and the injunction was made perpetual.

Two questions are presented on this appeal. First. Was jurisdiction of the note fraudulently obtained by the Louisa county district court? Second. Did that court have jurisdiction to restrain the investment company from prosecuting its action before the justice of the peace of Polk county? The first is largely a question of fact, and the second one of law. Regarding the first question, it is sufficient to say, without setting forth the evidence, that we do not think the alleged fraud is established. Plaintiff, through his attorney, asked that the note be sent to a bank in his county, that he might inspect the same; he at that time believing that he had not executed a note to Howell & Co. After seeing the instrument, and finding the signature genuine, but believing that it had been materially altered, he, nearly a week after the note was sent to his local bank, commenced his action of replevin. The evidence negatives the idea that he had the note sent to Louisa county for the purpose of securing jurisdiction thereof. That thought did not seem to enter his mind until after he had discovered the alleged alteration. This was the finding of the district court, and with that conclusion we are content. *Walker v. Stone,* 70 Iowa, 103. Had the district court of Louisa county power and authority to enjoin defendants from prosecuting the action before the justice of the peace in and for Polk county? Under the allegations and proofs the justice of the peace of Polk county had no jurisdiction, for the reason that the provision of the note giving that court jurisdiction was inserted after the note was executed, and was never consented to by plaintiff. An action of replevin was then pending, wherein defendants herein could have interposed their claim under the note. *Smith v. Eals,* 81 Iowa, 235; *Sigler v. Hidy,* 56 Iowa, 504. Courts of equity were instituted largely to relieve against the consequences of fraud, accident, and mistake, and the propriety of confining litigation to the forum in which it is first commenced has

repeatedly been recognized in chancery. *Butch v. Lash,.* 4 Iowa, 215. The district court of Louisa county first assumed jurisdiction of this controversy. Its jurisdiction was not obtained by fraud, and it had the right to continue that jurisdiction to the end. Defendants herein, instead of commencing their action before a justice of the peace in and for Polk county, could, as we have said, have litigated every question in the action in Louisa county. Under the allegations contained in the pleadings, it was their duty to do so. Moreover, the clause in the contract giving the Polk county courts jurisdiction was, according to the evidence, inserted through fraud or by mistake, and this of itself warranted the proceedings adopted in this case. See *Field v. Cory,* 7 N. J. Eq. 574; *Dale v. Roosevelt,* 5 Johns. Ch. 174; *Sacket v. Hillhouse,* 5 Day, 551; *Teager v. Landsley,* 69 Iowa, 725. The judgment granting plaintiff the possession of the note and permanently enjoining defendants from prosecuting their action in Polk county is not complained of. This is not such a proceeding as is contemplated by section 4334 of the Code; and, if it were, it could not have been brought before a justice of the peace of Polk county. A justice has no jurisdiction of equity cases. The case comes within the exceptions noted in *Trust Co. v. Hicks,* 116 Iowa, 114 (89 N. W. Rep. 103.)

There is no error in the rulings, and the judgment is AFFIRMED.