FIRST METHODIST EPISCOPAL CHURCH et al., Appellants, v. MARY E. HULL, Administratrix, et al., Appellees.

No. 44232.

JUNE 21, 1938.

Roberts & Roberts, Smith, Work & Work, and W. A. Hunt, for appellants.

Gillies & Schaefer, for appellees.

KINTZINGER, J.—Plaintiffs and appellants allege in their petition substantially as follows:

That plaintiffs and the defendant, Kate Smith, are the sole owners of all the property now in the hands of Mary E. Hull, administratrix of the estate of Adaline Mowery, deceased, now and for several years heretofore pending in the probate court of Wapello county, Iowa; that the appointment of Mary E. Hull as such administratrix was procured through the influence of Kate Smith and her attorneys, and the estate is still being administered almost solely in their interest; that the total net

assets of the estate are over $20,000, and the only interest of Kate Smith therein is the right to receive $30 per month during her life, as provided in paragraph 2 of said will; that the present value of Kate Smith's interest is less than one-sixth of said estate, and all of the balance of said property belongs to appellants as legatees and devisees, some of whom are charitable or benevolent institutions, and "are badly in need of funds at the present time;" that defendants are practically ignoring the real intent of said testatrix, and the rights of all appellants in the assets of said estate; that said administratrix, while paying out money to herself and her attorneys and $30 per month regularly to Kate Smith, has not paid anything whatever to any of these appellants.

Appellants further allege that a guaranteed insurance policy can be secured to furnish Kate Smith a guaranteed annuity policy of $30 a month during her life and that appellants, with the hope of getting the estate settled and securing their share of it, propose to purchase such a policy for Kate Smith, who has refused to consider such a proposition on the ground that she has a right under the will to keep the estate open during her life, and that it is necessary so to do in order to protect her interest therein. Appellants also allege that the provisions of the will relating to the investment of funds to protect the said Kate Smith legacy have failed by reason of the death of the executors therein named, and the fact that the bank named as trustee is no longer in business; and it is therefore the duty of the court, as a court of equity, to make such provisions relating thereto as is just and equitable between all the parties.

Appellants therefore ask the court to take jurisdiction of the action in equity for the purpose of construing the decedent's will in such a manner as to justify the closing of the estate promptly and that Mary E. Hull, administratrix, be directed to either buy with the funds in her hands belonging to said estate an insurance annuity in some good company guaranteeing the payment of $30 a month to Kate Smith during her lifetime, or give her sufficient cash out of the estate to purchase such a policy, in full settlement of all of her interest in said estate; and that the administratrix be directed to turn over all the balance of the property belonging to said estate to the appellants as legatees under the will, and for such other and further order as to the court may seem just and equitable.

Thereupon appellees filed a motion to dismiss plaintiffs' petition upon substantially the following grounds:

"1. That the subject matter of this action is the estate of Adaline Mowery, deceased, now pending in the probate court of Wapello county, Iowa, and any objections of appellants to the manner in which said estate has been handled should be made in that court;

"2. * * *

"3. The fact that the legatees named under the will 'are badly in need of funds at the present time' is no reason for granting the relief prayed for;

"4. The will of Adaline Mowery makes no provision for the purchase of an annuity policy and this court and the defendant, Mary E. Hull, administratrix, are bound by the terms of the will;

"5. Plaintiffs' prayer for a construction of said will, if granted, would be a rewriting of the same, that there is no ambiguity whatever in that portion of the will providing a monthly payment to Kate Smith, and this court has no right or authority to change the plain provisions thereof;

"6. * * *

"7. That there is no equity in said petition."

This motion was sustained, and plaintiffs appeal.

The will in question provides substantially as follows:

"1. For the payment of all just debts and funeral expenses.

"2. It is my will that my executors, hereinafter named shall turn over to the Wapello County Savings Bank of Ottumwa, Iowa, as trustee, the sum of $10,000, the earnings from which are to be paid to Kate Smith, who has made her home with me for more than twenty years past. However, it is my will that the Wapello County Savings Bank, as trustee, shall pay to said Kate Smith from said earnings the sum of not to exceed $30 per month during the period of her natural life, said payments to be made monthly. That any net earnings over and above that amount shall accumulate and be added to the principal sum of $10,000 as above specified, *and at the death of said Kate Smith said principal sum and any accumulations to be disposed of as hereinafter specified.*"

The 3d to 8th provisions, inclusive, give to various relatives, of the decedent $1,000 each.

The 9th to the 19th provisions, inclusive, make the following gifts:

"9. Iowa Wesleyan University of Mt. Pleasant, $5,000.

"10. Iowa Conference of the Methodist Episcopal Church, $1,800.

"11. American Home Finding Association of Ottumwa, $1,000.

"12. Ottumwa Hospital Association of Ottumwa, $2,000.

"13. Sunday School of the First Methodist Episcopal Church of Ottumwa, $200.

"14. First Methodist Episcopal Church of Ottumwa, $1,000.

"15. First Methodist Episcopal Church of Farson, $300.

"16. Young Women's Christian Association of Ottumwa, $1,000.

"17. Young Men's Christian Association of Ottumwa, $1,000.

"18. Home for Old Ladies at Knoxville, Illinois, $1,000.

"19. Open Door Mission of Ottumwa, $500.

"20. It is my will that all of the rest and residue of my estate, not herein specifically bequeathed, be, by the executors of this my Last Will and Testament, turned over to the Wapello County Savings Bank of Ottumwa, Iowa, as trustee, and I hereby empower said trustee to loan the same at such rate of interest, as in the judgment of its officers and directors is consistent with first class security at all times.

"21. Should Kate Smith, mentioned in the second paragraph of this * * * will * * *, die before I do, then the funds set apart for her shall become a part of the trustee fund mentioned in the twentieth paragraph of this my Last Will and Testament, and to be handled by said trustee as therein provided.

"22. It is my will that in case said Kate Smith, for whom I have provided in the second paragraph of my will, should survive me, then at her death, it is my will that the fund set apart, as provided in the second paragraph of this my will, shall become a part of the trustee fund mentioned in the twentieth paragraph and be handled by the trustee therein named and as therein provided.

"23. It is my will that all of the net earnings from the trustee fund, provided in the twentieth paragraph of this my Last Will and Testament, after all taxes and expenses, including a fee of one per cent per annum to the trustee, for the services in handling said fund, be divided among the charitable institutions mentioned in paragraphs nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen and nineteen of this my Last Will and Testament, in proportion to the amounts I have specifically given to the different institutions named in the respective paragraphs above mentioned.

"24. Should any of the institutions named in the paragraphs mentioned in paragraph twenty-third of this my Last Will and Testament, for any reason cease to exist, then such sum to be paid to their successor, if any, and if none, then such sum to be paid to any other charitable institution or institutions in Ottumwa, Iowa, as the trustee shall see fit.

"25. If for any reason my estate should not be sufficient to pay the legacies in full, as provided in paragraph three to nineteen, both inclusive, then it is my will that each one in said respective paragraphs named shall receive a proportionate share of the amount specifically bequeathed in said instance.''

The provisions of paragraphs 26 and 27 are not material hereto, except that 27 provides that the provisions of the will be carried out as speedily as possible.

This case was commenced in equity for the purpose of construing the will of decedent, on the theory that the will is ambiguous and should be construed in a manner that will permit the closing of the estate at this time. In their argument appellants concede:

"The controversy in this case involves the construction of the will of Adaline Mowery, deceased. * * * The controlling question is: What does the will mean as to when the estate shall be closed?''

I. In order to warrant the construction of a will by a court of equity, it must necessarily appear that the will itself is ambiguous and uncertain in its terms.

The second paragraph of the will, around which this controversy revolves, provides that:

(2) "* * * my executors * * * shall turn over to the

Wapello County Savings Bank * * * as trustee, the sum of $10,000, the earnings from which are to be paid to Kate Smith, * * * (and that said) trustee shall pay to said Kate Smith from said earnings the sum of not to exceed $30 per month during the period of her natural life, said payments to be made monthly. That any net earnings over and above that amount shall accumulate and be added to the principal * * * and at the death of said Kate Smith said principal sum and any accumulations to be disposed of as hereinafter specified.''

Other paragraphs of the will, as hereinabove set out, provide for the payment of legacies and bequests to various other legatees.

A reading of the provisions of the will material to the question involved clearly shows that there is nothing uncertain or ambiguous about the terms of the will providing for the payment of $30 a month to Kate Smith out of the earnings of the trust fund provided for in paragraph 2 of the will, or of the manner and method of carrying out the provisions of the will.

Appellants contend that as the bequest to Kate Smith is only $30 per month during her natural life, it can be met by the purchase of a life insurance annuity for her out of the funds of the estate, and therefore ask that the will be construed in such a manner as to permit the purchase of a life insurance annuity of $30 per month for said Kate Smith out of the funds of the estate; and that by so doing the terms of the will can be substantially complied with and the estate promptly closed.

The trouble with appellants' contention, however, is that the will does not so provide. It provides for the payment of $30 per month out of the earnings of the trust fund created by paragraph 2 of the will, and a distribution of the balance of the entire trust fund to the other various legatees and devisees named in the will, after her death, in the manner specified by the testatrix.

As an additional reason for securing a life insurance annuity for Kate Smith and the payment thereof out of the estate, appellants contend that the original trustee appointed by the decedent has passed out of existence. This, however, is no reason for changing the terms of decedent's will, because the well-settled rule of law in this state is that a trust estate will not fail for want of a trustee. Therefore, another trustee may be

appointed by the court for the purpose of carrying out the terms of the trust provided for in paragraph 2 of decedent's will.

We find nothing uncertain or ambiguous in the terms of the will and therefore conclude that it needs no construction.

II. As hereinabove stated, this action was commenced in equity. The record shows that the probate proceedings in this estate are now pending in the probate court of Wapello county. Appellees therefore contend that the probate court in which such proceedings are pending has exclusive jurisdiction over the distribution of this estate.

■ It is the general rule of law that where a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues and no court of coordinate authority is at liberty to interfere with its action. 7 R. C. L. 1067, 1068, sections 105, 106; State of Washington v. Superior Court, 139 Wash. 125, 245 P. 929, 49 A. L. R. 801; Kline v. Burke Construction Company, (Ark.) 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; 15 C. J. 1134, sec. 583.

■ Appellees contend that a court of equity will not exercise its jurisdiction in respect to matters concerning which proceedings are pending in a probate court. A court of equity cannot interfere with the plain and ordinary proceedings of the probate court in the settlement of estates pending therein. Hutton v. Laws, 55 Iowa 710, 8 N. W. 642; Duffy v. Duffy, 114 Iowa 581, 87 N. W. 500; Gregory v. Howell & Co., 118 Iowa 26, 91 N. W. 778; Wyckoff v. O'Niel, 71 N. J. Eq. 681, 63 Atl. 982; Bird v. Hawkins, 58 N. J. Eq. 229, 42 Atl. 588; Brooks v. Hargrave, 179 Mich. 136, 146 N. W. 325; Westerfield v. Rogers, 174 N. Y. 230, 66 N. E. 813; McCracken v. McBee, 96 Ark. 251, 131 S. W. 450; 15 C. J. 1136.

By statutes of this state, probate courts are given complete jurisdiction in matters relating to the property of decedents and the settlement of their estates (chapters 506, 507, §§11901 et seq., 11913 et seq., Code of 1935); and section 11955 of the Code gives a testator full and complete authority with reference to the distribution of his estate. Section 11955 provides as follows:

"When the interests of creditors will not thereby be prejudiced, a testator may prescribe the entire manner in which his estate shall be administered * * * and prescribe the manner in

which his affairs shall be conducted until his estate is finally settled. * * * ''

Under this statute the manner of conducting the affairs of the estate, as pointed out in the will, must prevail.

Decedent's estate is now in the process of administration in the probate court of Wapello county, and appellants are asking a court of equity to interfere with the proceedings pending in said probate court.

''Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results.'' 15 C. J. 1134, sec. 583.

In discussing the same question the following statement is contained in 7 R. C. L. 1068, sec. 106:

''The rule has no reference to the supremacy of one tribunal over the other, nor to the superiority in rank of the respective claims, in behalf of which the conflicting jurisdictions are invoked. It simply demands as a matter of necessity, and therefore of comity, that when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, * * * draws to itself the exclusive right to dispose of it, for the purposes of its jurisdiction.''

Sec. 105: ''The principle is essential to the proper and orderly administration of the laws; * * * is enforced to prevent unseemly expensive and dangerous conflicts of jurisdiction and of process.''

This court in Hutton v. Laws, 55 Iowa 710, l. c. 711, 8 N. W. 642, said:

''That the Circuit Court was correct in refusing, as a court of equity, to take cognizance of and settle E. M. Laws' account

as administrator seems to us clear. It is true that the court has probate powers and is the identical court in which the administration is pending. But its equity powers are distinct, and the case is not different from what it would be if the court was only a court of equity. That a court of equity will not review and correct the acts of an administrator while administration is pending in a probate court has been held in Mallett v. Dexter, [Fed. Cas. No. 8,988] 1 Curt. 178, and Capers v. McCaa, 41 Miss. 479. An administrator must be held accountable to the court from which his letters issue and where his bond is given, and to no other.''

In Duffy v. Duffy, 114 Iowa 581, l. c. 583, 87 N. W. 500, this court said:

''Plaintiff does not ask a money judgment, but an order upon the defendant administrator as to the distribution of the assets of the estate. If the court had found for the plaintiff as to the proceeds of the life insurance or other assets either as widow or as heir at law of the deceased child, it could only have made an order as to the distribution to be made. Jurisdiction to do this is exclusively in the probate court.''

Of similar import is Gregory v. Howell & Co., 118 Iowa 26, 91 N. W. 778.

The record in this case shows that the funds of this estate are now in the hands of the administratrix thereof.

The will itself contains definite and specific provisions as to the manner in which the estate shall be handled and disposed of, and this power is granted the testator under section 11955 of the Code. We are constrained to hold that the terms of the will are clear, plain, and unambiguous and require no construction to determine its meaning.

We are also constrained to hold that it contains nothing that would authorize the expenditure of any funds of this estate for the purpose of purchasing a life annuity policy for Kate Smith, as requested by appellants. If such a procedure had been desired by the testatrix, she should have provided therefor in the will.

The record also shows that Kate Smith is now 76 years of age, and it may be that the testatrix believed the residuary beneficiaries would receive a greater benefit from her estate if it was not reduced by the purchase of an annuity.

It is no doubt true that appellants are prompted by the best of motives in attempting to secure a prompt and early settlement of this estate and that their financial interests might be best served by granting their request; but such a request must be made to the probate court having custody and control of the property thereof and in which the estate is now pending.

For the reasons hereinabove expressed, it is our conclusion under the circumstances presented in this action that the order of the lower court in dismissing appellants' petition must be sustained.—Affirmed.

STIGER, C. J., and ANDERSON, DONEGAN, MITCHELL, RICHARDS, HAMILTON, and SAGER, JJ., concur.