EMMA ANDERSON et al., Appellants, v. MINNIE H. MEIER et al., Appellees.

No. 44772.

AUGUST 1, 1939.

OPINION MODIFIED AND REHEARING DENIED NOVEMBER 24, 1939.

Eagleton & Eagleton and Charles E. Wittenmeyer, for appellants.

Chamberlin & Chamberlin and Hoersch & Hoersch, for appellees.

HALE, J.—On January 19, 1937, Dr. Peter H. Schroeder of Davenport died testate, naming in his will as sole devisee and legatee his wife Elsie Haak Schroeder, and appointing her as executrix. This will was executed February 25, 1925. However, two days before his death, on January 17, 1937, the said Elsie Haak Schroeder died. She also left a will, by the terms of which certain legacies of specific personal property were bequeathed by clause 1; and by clause 2 it was directed that the remainder of her estate, including after-acquired property, should be divided into six equal shares, three of which were bequeathed and devised to her husband, Peter H. Schroeder, in lieu of dower and other statutory rights. Other shares were bequeathed and devised to her sisters, Minnie H. Meier, Thekla H. Hetzel, and Edna H. Compton. In her will she named as executor her husband. It appears that both wills were admitted to probate.

After the lapse of one year, and on February 18, 1938, the plaintiffs, who are all and the only heirs of Peter H. Schroeder, instituted this action against the defendants, who are the heirs of Elsie Haak Schroeder, setting out the facts above stated, together with details of the history and relations of Peter H. Schroeder and his wife with their various relatives, and asking that the court construe and interpret the provisions and intent of the will of Peter H. Schroeder, and determine the rights and interests of plaintiffs and defendants under the wills of said Peter H. Schroeder and his wife. The petition claims that the will of Peter H. Schroeder manifests the intention to provide only for the disposition of his own personal estate and not to devise to his wife any property which he might receive from the estate of his said wife; and claims that his estate and his share of the estate of Elsie Haak Schroeder would descend to plaintiffs as heirs of Peter H. Schroeder. Division 3 of plaintiffs' petition alleges that Elsie Haak Schroeder and her heirs have failed to file an election to take or not to take under the will of Peter H. Schroeder, and claims that the plaintiffs are entitled to the interest given by statute, and that plaintiffs, as heirs-at-law, of Peter H. Schroeder, are entitled to at least the share given by statute in the estate of Elsie Haak Schroeder. Division 4 claims certain funds amounting to $214 derived from

the membership of Peter H. Schroeder in the Scott County Teachers' Association Mutual Benefit Group.

To this petition a motion to dismiss was filed, which was sustained on June 20, 1938, and plaintiffs, by the ruling on the motion, were given fifteen days to plead over or elect to stand on the petition. Thereafter on July 5, 1938, plaintiffs amended by changing the claim as it stood in the original petition from $7,500 and half of the remainder to one third, as hereinbefore stated. On July 6, 1938, a motion to dismiss the petition as amended was filed, containing in substance the grounds of the former motion, with some additions, and being as follows:

"1. That the facts alleged in said Petition and Amendment do not entitle the Plaintiffs to the relief demanded.

"2. That the Plaintiffs had adequate remedy at law in the probate court during the year of redemption." (Apparently error in writing "redemption" for "administration".)

Grounds 3 and 4 refer to the statute of limitations and laches; ground 5 to the statutory rule as to non-lapsing of devises and legacies; ground 6 states that this action is in effect an attempt to set aside the wills and should be by ordinary proceedings; and ground 7 that the admission to probate is conclusive as to due execution.

Ground 8 is as follows:

"That there is no ambiguity in the Wills in question and no evidence can be taken in regard to the action because the Statutes of Iowa are conclusive and exclude any hearing on the matter."

On July 11, 1938, this motion to dismiss was sustained and plaintiffs elected to stand on their pleadings, whereupon there was a final ruling on the motion to dismiss, and judgment for costs.

From such action of the court this appeal is prosecuted.

From the arguments we gather that both estates consisted entirely of personal property. Under the claim made in the petition Elsie Haak Schroeder, dying on January 17, 1937, left to her husband, Dr. Schroeder, one third of her property; and this is all that is claimed from her estate by the heirs of Dr. Schroeder (the plaintiffs), for the reason that there was no

election on his part to take under the will of his wife. Therefore, plaintiffs claim that at the date of the husband's death, January 19, 1937, he was the owner of all his own property and one third of his wife's estate, subject to costs and debts, and that the defendants would be entitled to two thirds of the property of Elsie Haak Schroeder. This would leave for disposition the property of the husband, augmented by his one third of the wife's estate.

But we have for consideration here only the question: Was the court right in sustaining the defendants' motion to dismiss? If any of the grounds of the motion were well taken, then there was no error.

The right to bring this action is assailed by ground No. 8: ''That there is no ambiguity in the Wills in question and no evidence can be taken in regard to the action because the Statutes of Iowa are conclusive and exclude any hearing on the matter.'' This ground, which is really two grounds, asks for dismissal, first, because there is no ambiguity. The right of a court, whether equity or probate, to entertain an action solely for the construction of a will, applies only to such actions as pertain to wills where the meaning is uncertain in its terms—ambiguous. The wording of Dr. Schroeder's will admits of but one meaning, and is expressed in such terms as to be clear and certain to any person. It is short, providing first for payment of debts and funeral expenses; second, devising and bequeathing to his wife all his estate; and third, appointing her executrix. It may be said also that his wife's will is plain and unambiguous. Such wills need no aid from the courts in construing their provisions, and this may be called the universal rule.

''A suit for the construction of a will will not be entertained where no necessity for a judicial construction thereof appears; and the court cannot acquire jurisdiction to construe a will by allegations that a question requiring construction exists when the record shows there is no such question.'' Nor will a court ''assume jurisdiction of a bill for the construction of a will where its language is clear, unambiguous, and not open to doubt, * * *. The language of the will must be such that the parties may reasonably have doubts concerning its true construction.'' 69 C. J., Wills, sec. 1987, p. 866, sec. 1998, p. 874.

"It is a fundamental doctrine in the construction of wills that, where the language is plain and unequivocal, there is no room for construction." In re Estate of Thomas, 220 Iowa 50, 54, 261 N. W. 622, 624, citing Smith v. Runnels, 97 Iowa 55, 65 N. W. 1002; Jordan v. Hinkle, 111 Iowa 43, 82 N. W. 426; Scott v. Scott, 132 Iowa 35, 109 N. W. 293; Guilford v. Gardner, 180 Iowa 1210, 162 N. W. 261.

And the same rule is announced in the recent case of First Methodist Episcopal Church v. Hull, 1938, 225 Iowa 306, 280 N. W. 530.

■ Undoubtedly courts of equity in Iowa, contrary to the rule prevailing in many states, entertain suits for construction of wills where there is occasion therefor; but the present action concerns only the distribution of the property of decedents. This is a matter within the jurisdiction of the probate court, and is there pending, and a court of equity cannot intervene. The probate court has jurisdiction. Its right to administer and direct the disposition of the property involved cannot be interfered with. See Duffy v. Duffy, 114 Iowa 581, 583, 87 N. W. 500; Gregory v. Howell & Co., 118 Iowa 26, 91 N. W. 778; Hutton v. Laws, 55 Iowa 710, 8 N. W. 642; First Methodist Episcopal Church v. Hull, supra.

Plaintiffs' rights cannot be adjudicated in this action for construction of a will because there is no basis in the will for such action. The estate is open and the matter is pending in the probate court; and any rights, if any, under this will, or these wills, can and should be adjudicated in the proceedings for the settlement of the estate. The probate court acquired jurisdiction and is entitled to retain it. See 15 C. J., sec. 583, p. 1134; 7 R. C. L., sec. 106, p. 1068; and cases above cited.

As to sustaining grounds 1 and 8 of the motion to dismiss we think that the court was right.

In view of our holding on other grounds of the motion, it would seem that discussion or ruling on grounds 2, 3, 4, 5, 6, and 7 would be unnecessary. Our holding on the two grounds stated disposes of this appeal.

■ We cannot assume jurisdiction where the matter in issue is not such as was triable in this form of action. Therefore, the ruling of the court, so far as it pertains to this action in equity, is affirmed, but without prejudice to the right of the

plaintiffs to assert their claims herein made in the probate court in the two estates in the settlement and distribution thereof.—Affirmed.

OLIVER, C. J., and HAMILTON, SAGER, BLISS, MILLER, MITCHELL, and STIGER, JJ., concur.