**KINNEY–LINDSTROM FOUNDATION, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 837.

United States District Court
N. D. Iowa,
Central Division.

Aug. 16, 1960.

George R. Ludeman, Mason City, Iowa, for plaintiff.

F. E. Van Alstine, U. S. Dist. Atty., and William R. Crary, Asst. U. S. Dist. Atty., Sioux City, Iowa, for defendant.

GRAVEN, District Judge.

In this action the plaintiff seeks to recover federal income taxes alleged to have been erroneously assessed and collected. The defendant has moved to dismiss the action on the ground that the complaint, as amended, on its face shows an assignment of a claim against the United States contrary to the provisions of the so-called Anti-assignment Statute, 31 U.S.C.A. § 203, and that, therefore, the plaintiff is lacking in capacity to maintain the action. The uncontroverted facts, as set forth in the complaint as amended, are as follows:

Ida L. Kinney was a resident of Cerro Gordo County, Iowa. She died testate on September 18, 1958. On October 1, 1958, her will was admitted to probate by the District Court of Iowa in and for Cerro Gordo County. On October 1, 1958, that Court issued letters testamentary to Marie Oelkers as executrix

of her estate. She duly qualified as such and has since been acting as such. In Iowa there is no distinct probate court. The District Court of Iowa is a court of general jurisdiction before which come all proceedings whether law, equity, or probate. In re Lenders' Estate, 1956, 247 Iowa 1205, 78 N.W.2d 536, 539.

On August 21, 1958, the Director of Internal Revenue made a deficiency assessment against Ida L. Kinney for federal income taxes in the amount of $2,-113.93. Marie Oelkers, the executrix of her estate, paid that amount under protest. She then filed a claim for refund thereof, which was denied.

The Kinney-Lindstrom Foundation is the residuary legatee under the will of the decedent. It is an Iowa corporation organized for charitable purposes under Chapter 504, Code of Iowa 1958, I.C.A. On March 5, 1960, subsequent to the denial of her claim for refund, the executrix executed the following assignment:

"For a valuable Consideration, receipt of which is acknowledged, The Ida L. Kinney Estate of Cerro Gordo County, Iowa, hereby assigns and transfers unto the Kinney-Lindstrom Foundation, Inc. of Cerro Gordo County, Iowa, all its right, title and interest in and to any refund to which said Estate may be entitled from the Internal Revenue Service of the United States Treasury Department, particularly, V. Lee Phillips, Director of Internal Revenue, Des Moines, Iowa, for and on account of assessment for deficiency in amount of $2113.93 made against said Estate by said Director on August 21, 1959 against Ida L. Kinney on the 1957 Federal Income Tax of said Ida L. Kinney, now deceased, and paid by her estate under protest on September 3, 1959.

"Dated this 5th day of March A.D. 1960.

"/s/ Marie Oelkers"
[Acknowledgment]

On March 8, 1960, the executrix made the following application to the District

Court of Iowa in and for Cerro Gordo County:

"Your Applicant is the Executrix of the above Estate.

"That on August 21, 1959, the Director of Internal Revenue assessed Ida L. Kinney an additional $1936.08 on her 1957 Federal Income Tax Return. That the Executrix paid the same with interest under protest on September 3, 1959, in the total amount of $2113.93.

"That your Executrix is advised that said additional assessment was illegal and not warranted by the facts, and that an action for a refund therefore would be advisable.

"That it would take a considerable length of time before such a suit could be determined and would extend beyond the time when this estate could be closed.

"That the Kinney-Lindstrom Foundation, Inc. is the residuary legatee in the will of Ida L. Kinney, and would eventually receive the right to said refund.

"That this Executrix has assigned said claim for refund to said Foundation so that the same can bring action for refund in its own name.

"That a copy of said assignment is hereby attached and the original is submitted herewith for the approval of this Court.

"Wherefore, this Executrix prays that the Court approve said assignment and that the Clerk of this Court be directed to certify the approval of this Court thereon."

On the same day that Court made the following order:

"And now, to-wit, on the 8th day of March A.D. 1960, the Application of the Executrix in the above estate asking the Court to approve an Assignment by said Executrix of the Estate interest in any refund for amount assessed and paid by the Estate to the Director of Internal Revenue of the U. S. Treasury Department on the amount of $2113.93 on 1957 Federal income taxes.

"And the Court being advised in the premises, finds that said Application should be granted.

"It is therefore ordered and adjudged that said Application is approved; that the Assignment of said claim by the Executrix of the above Estate to the Kinney-Lindstrom Foundation, Inc. is approved, and the Clerk of this Court is directed to certify the approval of the Court on said Assignment."

On March 28, 1960, the Kinney-Lindstrom Foundation, Inc. filed its complaint herein, which was subsequently amended.

■ Section 633.46, Code of Iowa 1958, I.C.A., provides that executors and administrators shall give such notice of their appointment as the Court or Clerk may direct. The letters of administration issued to the executrix directed her to give notice of her appointment by publication in a designated newspaper. It is assumed that she gave such notice.

■ Section 635.54, Code of Iowa 1958, I.C.A., provides for the filing of claims against the estate with the Clerk of Court. Section 635.68, Code of Iowa 1958, I.C.A., provides in part:

"All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred * * * unless peculiar circumstances entitle the claimant to equitable relief."

That section is a non-claim statute. In re Ashing's Estate, 1958, 250 Iowa 259, 93 N.W.2d 587, 589. It seems clear that the time for filing claims against the estate of Ida L. Kinney had expired at the time of the assignment to the plaintiff and no claim could be thereafter allowed against her estate except on a showing of "peculiar circumstances." While the fact that an estate is open and the fact that the estate is solvent are of importance where it is sought to make a belated filing of a claim because of "peculiar circumstances," those facts by themselves do not constitute "peculiar circum-

stances." Gross v. Hocker, 1952, 243 Iowa 291, 51 N.W.2d 466, 471.

Section 635.65, Code of Iowa 1958, I.C. A., provides for priority in payment of charges for the last illness and funeral expenses of the decedent and the allowance made by the Court for the maintenance of the widow and minor children. Section 635.66, Code of Iowa 1958, I.C.A., provides:

"Other demands against the estate shall be payable in the following order:

"1. Debts entitled to preference under the laws of the United States.

"2. Public rates and taxes.

"3. Claims filed within six months after the first publication or posting of the notice given by the executors or administrators of their appointment.

"4. Legacies and the distributive shares, if any."

■ Under the Iowa probate law, estates are closed by the making of a final report and the approval of that report by the Court. Section 638.34, Code of Iowa 1958, I.C.A. In reference to that statute the Iowa Supreme Court in the case of In re Weidman's Estate, 1930, 209 Iowa 603, 228 N.W. 571, at page 573, stated: "The statute contemplates a definite and certain time when estates in probate shall be finally closed. * * *" The jurisdiction to make distribution of personal property in an estate is exclusively in the Court. Duffy v. Duffy, 1901, 114 Iowa 581, 87 N.W. 500, 501.

Upon payment of the claims against an estate and following the expiration of the six months' period for the filing of claims, an executor or administrator may and frequently does make his final report, distribute the personal property to those entitled to it, and close the estate. In some instances even though the claims against the estate have been paid and the time for filing claims has expired it is desired to keep the estate open; the most frequent reason being to realize on some asset or assets of the estate. In such instances it is not uncommon for the executor or administrator to make partial distribution of the personal property in the estate to those entitled to it, usually upon express authorization from the Court.

In the present case it seems that at the time of the assignment in question the situation was as follows: (1) the claims filed against the estate had been paid; (2) the time for filing claims had expired; (3) the executrix desired to keep the estate open. Thereupon, with the approval of the Court, she made a partial distribution of the personal property in the estate by assigning the claim to the plaintiff who was the residuary legatee. The plaintiff thereupon instituted this action on the claim. At the time the plaintiff instituted this action the estate was still open and Marie Oelkers was still serving as executrix. The situation is the same at the present time.

It is the claim of the defendant that where a claim for refund of federal taxes has accrued to an estate, and the estate is still open and an executor or executrix of the estate is still serving, such executor or executrix is the only one who may maintain an action to enforce the claim.

The pertinent portion of the Anti-assignment Statute (31 U.S.C.A. § 203) provides as follows:

"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof, except as hereinafter provided, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of at-

torney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same. * * * "

The Anti-assignment Statute is one of long standing. It was originally enacted as R.S. 3477 in 1853. In the leading case of United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, at pages 373, 374, 70 S.Ct. 207, at pages 211, 212, 94 L.Ed. 171, 12 A.L.R.2d 444, which involved that statute, the Court stated:

" * * * Most of the early cases construed the statute strictly, holding that all assignments were included within the statute and that such assignments conferred no rights of any kind upon the assignee; * * *.

"The rigor of this rule was very early relaxed in cases which were thought not to be productive of the evils which the statute was designed to obviate. And one of the first such exceptions was to transfers by operation of law. In United States v. Gillis, 95 U.S. 407 [24 L.Ed. 503] (1877), the Court held that a provision in the Act creating the Court of Claims that suits on assignments may be brought in the name of the assignee did not mean that R.S. 3477 was inapplicable to suits in the Court of Claims, but referred to claims which were excepted from the prohibition of that statute, such as 'devolutions of title by force of law, without any act of parties, or involuntary assignments, compelled by law.' * * * "

It is well established that the prohibitions of the statute are not applicable to situations where ownership of a claim passes to an assignee because of bankruptcy proceedings, assignment for the benefit of creditors, by way of subrogation, or in complete corporate liquidation. It was early stated that the statute was not applicable where title passed by operation of law to heirs and legatees. Erwin v. United States, 1878, 97 U.S. 392, 397, 24 L.Ed. 1065. However, the statute is still applied with rigor where the assignment is voluntary in character. United States v. Shannon, 1952, 342 U.S. 288, 72 S.Ct. 281, 96 L.Ed. 321. In that case buildings on a tract of land were damaged by soldiers of the United States. The owner thereafter sold the tract. In the contract of sale it was provided that the claim of the seller against the United States was released to the purchasers. The purchasers brought an action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). The Court stated (at page 292 of 342 U.S., at page 284 of 72 S.Ct.):

"In the Aetna case, supra, this Court reaffirmed the principle that the statute does not apply to assignments by operation of law, as distinguished from voluntary assignments. There can be no doubt that in the present case the assignment was voluntary. * * * "

In 10 Mertens, Law of Federal Income Taxation, Sec. 58.06, the following is stated:

"§ 58.06.—Decedents' Estates. A claim for refund of an overpayment made by a deceased taxpayer should be filed by the executor, administrator, or other fiduciary in accordance with the following Regulations:

" 'If a return is filed by an individual and, after his death, a refund claim is filed by his legal representative, certified copies of the letters testamentary, letters of administration, or other similar evidence must be annexed to the claim, to show the authority of the legal representative to file the claim. If an executor, administrator, guardian, trustee, receiver, or other fiduciary files a

return and thereafter a refund claim is filed by the same fiduciary, documentary evidence to establish the legal authority of the fiduciary need not accompany the claim, provided a statement is made in the claim showing that the return was filed by the fiduciary and that the latter is still acting. In such case, if a refund is to be paid, letters testamentary, letters of administration, or other evidence may be required, but should be submitted only upon the receipt of a specific request therefor. If a claim is filed by a fiduciary other than the one by whom the return was filed, the necessary documentary evidence should accompany the claim.'

"It should be noted that the preceding requirements apply in the case of a claim for credit or refund by a 'legal representative' of the deceased. Form 1310, to be filed by a claimant other than the executor or administrator, and which must be attested by two witnesses familiar with the facts set forth therein, may be accepted by the Service in the case of small estates for which no executor or administrator has been appointed.

"A claim for refund bearing the signature of only one co-executor is acceptable as a valid claim.

"Administrators and executors may file a claim only when they are still acting as such. Where an executor has been discharged, the right to file a claim passes to those persons who have suffered, by reason of the overpayment, a diminution of their beneficial interest in the estate. Such persons may each file personal claims seeking a return of the amount of which they respectively have been deprived. However, where the record contains information to the effect that an administrator has been appointed and served continuously, and there is nothing to indicate that administration has

ended, a suit by a beneficiary may be dismissed for incapacity."

It is evident that the "operation of law" exception was read into the Anti-assignment Statute in order to prevent manifest injustice. Where a just claim against the United States passes by operation of law from the party to whom the claim accrued to another, if the Anti-assignment Statute were to be held to interdict such assignee from bringing action on the claim, then the result would be that a just claim would go unpaid since the party to whom the claim accrued could not bring an action on it because he was no longer the owner of it. The exception was based upon the necessity.

▮ Under the doctrine of the case of United States v. Aetna Casualty & Surety Co., supra, the claims excepted from the Anti-assignment Statute are those claims where the assignee becomes the owner by "devolutions of title by force of law, without any act of parties, or involuntary assignments, compelled by law." [338 U.S. 366, 70 S.Ct. 212] In those situations the transfer of title takes place in the absence of any formal assignment or other instrument of transfer. In the case of an Iowa estate the legal title to the personal property in the estate would, upon the closing of the estate, pass to the heirs or legatees entitled to it without any formal assignment, although formal assignments of such property are usually made in connection with the closing of the estate.

It is the contention of the defendant that the legal title to the claim was not taken involuntarily away from the executrix; and that such a taking would only occur when she closed the estate. In that connection the defendant further contends that such being the case the assignment by her of the claim prior to such closing constituted a voluntary assignment of the claim on her part and that such voluntary assignment is interdicted by the Anti-assignment Statute. In that connection the defendant further contends that while the legal title to the

claim passed by court authority it did not pass by operation of law.

■ It is the view of the Court that the contentions of the defendant are well founded.

■ It is the holding of the Court that where an estate is still open and the executor or executrix of the estate is still serving, an action on a claim accruing to the estate for the erroneous assessment and collection of federal income taxes must be brought by such executor or executrix and cannot be brought by one to whom he or she has voluntarily assigned the claim.

It is hereby ordered that the motion of the defendant to dismiss the action be and the same is hereby sustained and this action be and the same is hereby dismissed because of the incapacity of the plaintiff to maintain the action.