## WALTER A. SKIDMORE *v.* DANIEL T. TAYLOR.

DEPOSITION OF PARTY TO AN ACTION.— The testimony of a party to an action may be taken by deposition, if he resides out of the county in which his testimony is to be used, although he resides within less than thirty miles of the place of trial.

DEPOSIT TO SECURE SURETIES IN CRIMINAL RECOGNIZANCE.— Where money or property is deposited by a surety, on a recognizance in a criminal case, with a trustee, to secure his co-sureties on the recognizance, the People have no claim on the money or property in case the recognizance is forfeited, nor does the money stand in place of a recognizance.

SAME.—In such case, if the co-sureties consent that the trustee holding the money and property deliver it to the surety who deposited it, he cannot justify a refusal on the ground that a judgment has been recovered against the sureties on the recognizance.

REPLEVIN FOR MONEY.—Replevin is a proper remedy to recover a package of gold coin sealed up in a leather bag.

TERMINATION OF RELATION OF TRUSTEE.—Where one has received property or money in trust to hold for the security of sureties on a recognizance, a release by the sureties of all claim on the property and a demand on the bailee terminates the trust, and it then becomes his duty to return the property to the bailor.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Walter Skidmore was arrested on a criminal charge, in Marin County, on the 10th day of December, 1859, and an order was made by the examining magistrate holding him to bail in the sum of five thousand dollars. Walter A. Skidmore, the plaintiff, and Louis Denos, and Egbert Van Allen, signed the recognizance, and to secure Denos and Van Allen, the plaintiff deposited with Daniel T. Taylor, the defendant, a buckskin bag, sealed up, containing sixteen hundred and twelve dollars in gold coin, and a number of warrants drawn by the Auditor of Marin County on the Treasurer of that county.

This action was commenced July 2d, 1861, for a return of

the property, or if a return could not be had, for judgment for its value.   On the 8th day of February, 1860, Denos and Van Allen signed a writing consenting that Taylor deliver the property up to W. A. Skidmore, the owner, and releasing all claim on it.   W. A. Skidmore presented the writing to Taylor and demanded the property, but Taylor refused to deliver it up.   Thomas H. Hanson was made a defendant in the action, but plaintiff dismissed the action as to him before the case was submitted.   During the trial, plaintiff offered in evidence the depositions of both Taylor and Hanson, the defendants.   The defendants' attorney objected to the depositions.   It was admitted that both of defendants resided in San Rafael, Marin County, within less than thirty miles of the City of San Francisco, the place of trial, and that defendant Taylor was then in Court.   The Court overruled the objection and admitted the depositions in evidence.

Plaintiff recovered judgment in the Court below, and defendant appealed.

*Patterson, Wallace & Stow,* for Appellant, on the admission of the depositions of the defendants Taylor and Hanson, cited Practice Act, Secs. 402, 407, 409, 411; and *Jackson* v. *Hobby,* 20 John. 357 ; and *Flemming* v. *Hollenback,* 7 Barb. 275.

On the question of Taylor's liability to turn over the trust funds to the People, they cited 18 Ill. 83 ; 6 Clarke, Iowa, 223 ; and 1 Miss. 175.

They also contended that replevin was not the proper remedy for the gold coin, and cited Note 1, p. 5, Fidd's Prac.; 12 Wend. 50 ; and *Adams* v. *Gorham,* 6 Cal. 68.

*S. F. & J. Reynolds,* for Respondent, on the admission of the depositions, cited. Practice Act, 428 ; and *Shafter* v. *Richards,* 14 Cal. 125, and contended that the People had no interest in the property, and cited *People* v. *Skidmore,* 17 Cal. 261.   They also made the point that defendant Taylor had no right to take collateral security for the benefit of the People, and cited *Stearnes* v. *Aguiérre,* 7 Cal. 449.

By the Court, RHODES, J.

There was no error in admitting the depositions of Hanson, Bullis and Taylor. Section four hundred and twenty-eight of the Practice Act provides that testimony may be taken by deposition, where the witness is a party to the action. Hanson and Taylor were defendants to the action. The section also provides that the testimony may be taken by deposition when the witness resides out of the county in which his testimony is to be used. All of those witnesses resided out of the county in which the action was tried.

The Court found that Denos and Van Allen, for whose benefit the property in suit was deposited by the plaintiff with Taylor, released and discharged all claim upon the property, and directed Taylor to deliver the same to the plaintiff, and that on the 9th of February, and before the commencement of this action, the plaintiff presented said release and directions to Taylor, and demanded the delivery of the property, and that Taylor refused to deliver it to him. It is objected to this demand that it was insufficient, because at that time there was in full force a judgment upon the recognizance executed by the plaintiff and Denos and Van Allen; and that at that time Taylor was liable to turn over the property to the People, according to the conditions of the instrument by which the property was placed in his hands. The recognizance was executed upon the order of the examining magistrate admitting Walter Skidmore to bail, and was in full force when the property was deposited with Taylor by the plaintiff. It was not intended that the property should stand in lieu of the recognizance, even if such a proceeding was authorized by the statute; nor were the People parties to the bailment; but, so far as they were concerned, it was entirely gratuitous; and for that reason, and for the further reason that such a transaction is not authorized by the statute regulating proceedings in criminal cases, the People had no claim on the property deposited, as was the case here, by one surety to indemnify his co-sureties.

The authorities are very clear that replevin is a proper remedy for the recovery of a parcel of money "sealed up in a buckskin leather bag," as it is described in the complaint. (3 Black.'s Com. 151; *Griffith* v. *Bogardus,* 14 Cal. 410.)

When the demand was made of Taylor, the property was in his possession, and it would be useless to inquire what remedy, if any, the plaintiff would have possessed, if Taylor had appropriated the property to the satisfaction of the judgment on the recognizance; but the release and demand terminated the trust, leaving incumbent on the bailee only the duty to return to the bailor the property deposited.

Judgment affirmed.

Neither Mr. Chief Justice CURREY nor Mr. Justice SAWYER expressed any opinion.