# Sharpless's Estate.

*Wills—Gift to class or individuals—Intestacy.*

Testator gave life estates in his residuary estate to his wife and sister. He further directed as follows: "After the decease of both my said wife and sister, I direct my estate to be divided into two equal shares, one of the said shares I give to my uncle [naming him], and my aunt [naming her], absolutely. Should neither of them survive me, I then give said share to my cousins [naming two cousins on the maternal side], and the children of my deceased .cousin [naming another cousin on the maternal side], to be divided per stirpes. The other equal part of my estate after the death of my wife and sister, I give to be equally divided between my first cousins on my father's side per capita." The uncle and aunt mentioned were on the maternal side. The uncle and aunt, and one of the cousins named, died in testator's lifetime. *Held,* that the cousins on the maternal side took individually, and not as a class, and that there was an intestacy as to the share of the cousin on the maternal side who died in the lifetime of the testator.

Argued Jan. 15, 1906. Appeal, No. 161, Jan. T., 1905, by Anna Agnes Thomas, from decree of O. C. Phila. Co., Jan. T., 1904, No. 433, dismissing exceptions to adjudication in Estate of Nathan H. Sharpless, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

The auditing judge, PENROSE, J., stated the facts to be as follows :

The decedent died, as stated in the adjudication filed October 14, 1904, of the account of Fanny M. Sharpless, adminis-

tratrix c. t. a., July 3, 1903, having by his will, proved July 23, 1903, given his estate, subject to an annuity of $300 per annum to Anne McLaughlin for life, to his wife, Fanny M. Sharpless, for life, with remainder to his sister, Rachel S. Parry, for life, and at the death of both wife and sister, as follows: "After the decease of both my said wife and sister, I direct my estate to be divided into two equal shares, one of the said shares I give to my uncle, William D. Pennell, and my aunt, Elizabeth P. Sutton, absolutely—should neither of them survive me I then give said share to my cousins Harriet Thomas and Agnes Thomas, and the children of my deceased cousin, Robert P. Thomas, to be divided per stirpes. The other equal half part of my estate after the death of my wife and sister, I give to be equally divided between my first cousins upon my father's side, per capita, after deducting the sum of $5,000 to be paid by my executor to my cousin Martha Hulme—that is, she is to share equally with the others in the remainder after the deduction of the sum of $5,000 first paid to her."

The executor having died in the lifetime of the testator, letters of administration, with the will annexed, were granted to Mrs. Sharpless, and she having died, as set forth in the adjudication already referred to, May 27, 1904, the balance in her hands as such administratrix was awarded to the present accountants.

The sister, Rachel S. Parry, and the uncle and aunt, William D. Pennell and Elizabeth P. Sutton, to whom, if either had survived, one-half of the estate would, at the expiration of the life estates, have gone absolutely, died in the lifetime of the testator, as did also Harriet Thomas, one of the cousins on the maternal side, to whom, if the uncle and aunt did not survive, such half was given absolutely; and the question thus arises, has the death of Harriet Thomas occasioned an intestacy to the extent of one-third of the half of the estate given to the cousins ex parte materna, or does the entire half go to Agnes Thomas and the children, per stirpes of Robert P. Thomas, by survivorship or as members of a class intended to receive that portion of the estate?

It is shown by the petition for distribution that the only relatives on the mother's side other than the sister were the uncle and aunt, William D. Pennell and Elizabeth P. Sutton, who

were the mother's brother and sister, and Harriet Thomas, Agnes Thomas, Anthony J. Thomas, and the children of their deceased brother, Robert P. Thomas, the children and grandchildren of his mother's deceased half-sister.

The cousins on the part of the father, to whom the other half of the estate is given, are very numerous. Their names are set forth in the petition.

Anthony J. Thomas, the only cousin on the mother's side not included in the half of the estate given as above, died in the lifetime of the testator shortly before the death of the latter. The children of Robert P. Thomas, as represented in the petition, are Sarah P. Raezer, Mary A. Thomas and Robert P. Thomas, of whom Sarah P. Raezer and Robert P. Thomas have assigned their shares as there stated.

The auditing judge held that there was an intestacy as to the share given to Harriet Thomas, deceased, and made an award accordingly.

Exceptions to the adjudication were dismissed by the court.

*Error assigned* was the decree of the court.

*Clement B. Wood*, with him *Walter Penn Shipley* and *Morgan & Lewis*, for appellant.—The naming of the individuals by the testator does not necessarily make the gift one to them individually.

There are no Pennsylvania cases directly in point. The converse, however, has been held in Reynolds's Estate, 11 Pa. Dist. Rep. 387.

In other jurisdictions there are a number of cases in which a gift to persons by name has been construed as a gift to them as a class on account of other facts appearing in the will: Hoppock v. Tucker, 59 N. Y. 202; Shiers v. Ashworth, L. R. 25 Ch. Div. 162; Stanhope's Trusts, 27 Beav. 201; Aspinall v. Duckworth, 35 Beav. 307; Swallow v. Swallow, 166 Mass. 241 (44 N. E. Repr. 132); Schaffer v. Kettell, 96 Mass. 528; Springer v. Congleton, 30 Ga. 976; Bolles v. Smith, 39 Conn. 217; Warner's App., 39 Conn. 253.

In Pennsylvania there is not a single case, so far as counsel has been able to find, in which the court has applied the principle of the preceding cases and construed a gift to persons by

name as a gift to them as a class or to the survivors, on account of the testator's intention as shown from the entire will. The two cases most nearly in point are : Yard's Appeal, 86 Pa. 125; Kennedy's Appeal, 60 Pa. 511.

*C. J. Hepburn*, with him *George Vaux, Jr.*, for appellee, cited : Gorgas's Est., 166 Pa. 269; Kennedy's App., 60 Pa. 511; Yard's App., 86 Pa. 125; Gray's Est., 147 Pa. 67; Hoopes's Est., 185 Pa. 172; Waln's Est., 156 Pa. 194; Neff's App., 52 Pa. 326; Allison v. Kurtz, 2 Watts, 185; Niblock's Est., 27 Pa. C. C. Rep. 193; Coffin's Est., 36 W. N. C. 71; University's App., 97 Pa. 187.

OPINION BY MR. JUSTICE STEWART, March 12, 1906 :

The proposition that a gift to several individuals described by their respective names, may be construed a gift to a class, if it is apparent from the will that the testator so intended, is not open to dispute. It is but a corollary of the larger and more comprehensive rule that subordinates everything in the construction of a will, to the expressed intention of the testator. If the diligence of counsel has not been rewarded by finding a case in our reports where such a gift has been held to be a gift to a class, it only goes to show how convincing to the common understanding the fact that the donees are severally and individually named is, that the testator meant that they should take individually and not as a class. This interpretation results in such case, not because of any technical rule which arbitrarily imposes a definite meaning upon the expression, but because the expression clearly and unequivocally imports this and nothing else. Cases where such a gift may be, and should be, construed to be a gift to a class, may readily be conceived. Following such a gift, an express direction that the parties named should take not individually but as a class, would more than countervail the fact that the gift was to them individually by name. Where there are other but less conclusive expressions or indications in the will, that notwithstanding the gift is to individuals named by the testator, they should take as a class, it becomes simply a question of relative weight of these conflicting expressions and indications. In the present case we have on one side the fact the

gift is " to my cousin, Harriet Thomas, and Agnes Thomas, and the children of my deceased cousin, Robert P. Thomas to be divided per stirpes; " in itself clearly indicating a purpose that they shall take individually. On the other, while no expression can be found in the will conflicting with or modifying in any way this unequivocal direction for a several taking, yet it is insisted that if the whole scheme of the will be considered, it will disclose very certainly a purpose that the donees shall take as a class. Harriet Thomas, one of the donees named in the will, died during the life of the testator. If the gift was to her as an individual and not as one of a class, testator died intestate as to this portion of his estate, and it would be divided between testator's next of kin without distinction as between those paternal and those maternal, whereas, it is so contended, the will shows unmistakably throughout a governing purpose to give one-half of the estate to relatives on the side of the mother, to the exclusion of those on the side of the father; and to give the other half to relatives on the side of the father, to the exclusion of those on the side of the mother. If this could certainly be affirmed of the will with respect to all contingencies of survivorship, and as affecting ultimate beneficiaries, including of course those interested in the present contingency, a question not free from embarrassment would arise; and it is by no means clear that in such case the greater weight should be allowed the fact that the gift is to the individuals by name. It may be admitted that the will clearly reveals such purpose, as regards those who were to take in remainder upon the death of the widow and sister and the survivor of them, to whom the estate was given for life, that is to say, testator's uncle and aunt; but the will furnishes indication, as we think, that testator intended to observe equality of the division between paternal and maternal relatives, only up to and not beyond the remainder gift to the uncle and aunt, upon whose death without issue maternal relatives of the whole blood would become extinct. The gift of the one-half of the estate to the uncle and aunt on the maternal side, is to them jointly, and is followed immediately by a gift over to the cousins in the same line, in case neither the uncle nor the aunt should survive testator. This by clear implication made survivorship an incident of the gift

to the uncle and aunt, and so far observes equal division of the estate between the two classes of kindred; but in the gift over to cousins, nothing is said about survivorship, which incident could only attach in a gift such as this as it should be so ordered elsewhere. Testator knew how to provide for it in the gift to the uncle and aunt; he knew just as certainly how to provide in the gift to the cousins. The fact that he did so provide for it in the one and omitted this provision in the other, is entitled to significance; especially so in view of the fact that the testator was himself a lawyer and, as is said, of extensive practice and familiar with the course of judicial proceedings. We allow this circumstance to be controlling only in the sense that it so far subtracts from the indications of a purpose conflicting with that expressed in the gift itself, as to prevent what otherwise might approach very nearly an embarrassing equilibrium. It is a close case at best, but we agree with the learned auditing judge that is the safer interpretation to hold the gift over to the cousins nominatim as individual and several, rather than to a class. It follows that Harriet Thomas, one of the cousins, having died in the life of the testator, the gift to her lapsed, and as to it there is intestacy.

The decree is affirmed.