ELDON WESTERFELT, Appellant, v. ADA SMITH et al., Appellees.

**WILLS:** Construction—Limitation on Term "Lawful Heirs." A de-
vise to " my lawful heirs," followed immediately by a specific enu-
meration of named children of testator, may, in view of the cir-
cumstances surrounding testator, necessitate a construction that
testator intended to exclude all his children except those specifically
named.

Headnote 1:   40 Cyc. pp. 1386, 1392, 1461, 1462, 1474.

Headnote 1:   28 R. C. L. 249.

*Appeal from Louisa District Court.*—OSCAR HALE, Judge.

DECEMBER 14, 1926.

Action for the construction of a will. The court dismissed the plaintiff's petition, and he appeals.—*Affirmed.*

*Nichols, Tipton & Tipton,* for appellant.

*Arthur Springer* and *E. P. Ingham,* for appellees.

FAVILLE, J.—This cause is submitted upon a stipulation of facts, from which it appears that the testator, J. F. McGill, was twice married. He had a son by his first wife, named Eldon McGill. The testator and said wife were divorced, and the wife retained the care and custody of said child. She married one Westerfelt, and the said child was known thereafter as Eldon Westerfelt. The said son later married, and became the father of the appellant. The father died, leaving the appellant as his only surviving heir at law. The testator, J. F. McGill, remarried, and his wife predeceased him. At the time of his death, he left surviving him the appellees, who are the children of his second wife, and they, together with the appellant, are his sole heirs at law. The will in controversy was executed by the testator on or about the 5th day of April, 1921. The provision in said will in controversy in this action is as follows:

"Paragraph Two. Second. I give devise and bequeith all the rest residue and remainder of my estate Both real and personal to my Beloved Wife Eliza McGill to have and to hold to her my said Wife and to her heirs and assigns forever unto her deth then after her death the Estate and Personal property is to be Equealey devied between my

"Lawful hairs
"Ada Smith
"Perl Vanc
"Hiram McGill
"Floyed McGill
"Fay McGill
"Edna McGill
"Donal McGill"

The original will has been certified to this court for our inspection. Appellant contends that, being one of the lawful heirs of the testator, he is entitled to participate in the estate, under the terms of the will. Appellees contend that they are specifically designated as the sole beneficiaries of the testator, under the terms of the will. We have many times said that the chief consideration in construing a will is to determine the true intention of the testator, as expressed in the will, and to carry

out said intention as so expressed. In arriving at the intention of the testator where there is an ambiguity in a will, parol evidence is admissible, not to change and vary or reform the written instrument, but to disclose the circumstances under which the same was executed, as said circumstances may bear upon the relation of the parties and evidence the intention of the testator. The record in this case discloses that, after the divorce between the testator and his first wife, all relations between them appear to have been entirely severed, and it appears that the appellant at no time during the life of the testator ever visited with him or had any relations whatever with him. The seven legatees named in the will are the children of the second wife of the testator. The bequest to the "lawful heirs" of the testator, naming them individually, must be construed in the light of the circumstances and conditions surrounding the testator at the time, in order to determine his purpose and intent. The contention of the appellant is that he is one of the lawful heirs of the testator, and as such is entitled to participate in the will. The will does not merely make a general bequest to the lawful heirs of the testator. It specifically designates, names, and makes certain the "lawful heirs" whom the testator selects as his beneficiaries. Each of the persons named in this bequest is the lawful heir of the testator, and within the general class referred to. The testator did not by this bequest intend to, nor did he, bequeath his property merely to a class designated as "lawful heirs." He did more than this. He definitely specified certain persons of this class who were to participate in the estate. In other words, the class is limited by the particular persons selected by the testator as being within the class which is to participate. In *Furenes v. Severtson,* 102 Iowa 322, we said:

"It is evident that the words 'my heirs' were used in the will not to denote succession, but to describe the devisees, and they should not be given their strict legal meaning, for that was not the testator's intention. *If these heirs had been specifically named, instead of designated by a general term, there would be no question of their right to take and hold the property subject to the conditions imposed by the statute.*" (Italics ours.)

The gift in this case, while designating the devisees under the general class of "legal heirs," was a gift to devisees *nominatim,* and constituted a gift to them individually, and not as a

devise to a class.   The general rule is thus stated by the Supreme Court of California in *In re Estate of Murphy*, 157 Cal. 63 (106 Pac. 230) :

"But assuming, however, that the language used in the clause in question is capable of two different legal meanings, resulting from the testator, devising his estate to the four children of his late sister, followed by other words of express devise to each of the children by name and in equal proportions, still this mention of them by name and a devise to them in equal shares will control the description of them as children of his deceased sister.   If words which, standing alone, would be effectual to create a class are followed by equally operative words of devise to devisees by name and in definite proportions, the law infers, from the designation by name and mention of the share each is to take, that the devisees are to take individually and as tenants in common, and that the descriptive portion of the clause (children of a deceased sister) is intended merely as matter of identification."

This rule has abundant support in the authorities.   See *Rockwell v. Bradshaw*, 67 Conn. 8 (34 Atl. 758) ; *Ritch v. Talbot*, 74 Conn. 137 (50 Atl. 42) ; *Kent v. Kent*, 106 Va. 199 (55 S. E. 564) ; *Church v. Church*, 15 R. I. 138 (23 Atl. 302) ; *Sharpless's Estate*, 214 Pa. St. 335 (63 Atl. 884).

The decree of the trial court is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.