C. J. ELLER, Appellant, v. A. J. MYERS et al., Appellees.

No. 45285.

OCTOBER 15, 1940.

Guy A. Miller, for appellant.

Stipp, Perry, Bannister & Starzinger, for appellees.

RICHARDS, C. J.—The question here is whether the petition was demurrable on one or more of the grounds found in the demurrer. The petition contained these averments; that defendant Priebe is clerk of the municipal court of Des Moines, "in which court building the funds or money (the subject matter of this action) is kept and controlled by said Walter R. Priebe as Clerk of said Municipal Court''; that plaintiff was at all times the absolute owner of a certain judgment No. 81334 entered in said court on November 12, 1937; that said judgment was paid to said clerk in July 1939, "and thereupon and thereafter the said C. J. Eller was, and is, the absolute owner of the proceeds of said judgment, interest and costs advanced or credited to plaintiff, which costs were paid * * * into the said Clerk's office with said judgment in the approximate sum of $100.00. That said judgment was entered in the approximate sum of $868.00, and there is still in the hands of said Clerk in addition to the aforesaid costs, the sum of $575.00, and the value of said property or funds is its face value or the approximate sum of $700.00. That the plaintiff herein is, and has been at all times, entitled to the immediate possession and use thereof, and said Clerk would have promptly paid the same to the plaintiff herein in due course pursuant to the rules of said Clerk's office, if it had not been for the fictitious and pretended claims of defendant herein, A. J. Myers, who * * * filed a pretended Attorney Fee lien on said judgment in the sum of $575.00, and made claim to said costs, * * *.'' It was further alleged in the petition that if said lien ever had any force it has long since been terminated by section 10926, Code, 1935, as well as for other assigned reasons; that said Myers has refused to release said lien and has wrongfully and wilfully detained

said money. Judgment was demanded against the defendants "for immediate possession of $675.00, said funds, and judgment for damages both actual and exemplary in the sum of One Thousand Dollars" and for costs. In an amendment plaintiff alleged that said sum of $575 and the balance of court costs advanced by plaintiff in the sum of approximately $100 have been segregated and specifically identified by the said Myers noting his pretended lien on the docket or records of said municipal court clerk and by making claim to said costs and refusing to consent to same being delivered to plaintiff; that in July or August, 1939, upon demand being for said money said clerk stated he would not deliver said fund or any part thereof to either plaintiff or Myers until he had an order of the court or an agreement of the parties therefor, and that he (said clerk) would hold said fund until he received such authority; that said Myers by his aforesaid conduct and said Priebe as clerk of said court by his aforesaid promises have forever estopped themselves from asserting that said money is not segregated and identified in such manner as to be the subject of an action of replevin in part or *in toto,* and from asserting that plaintiff cannot describe said money in denominations as same is in the hands of said clerk. In the amendment plaintiff prayed substantially as in the petition excepting that judgment for $1,000 actual and exemplary damages was demanded against defendant Myers, and excepting that in the prayer in the amendment the following was added: "In the event all of said funds, money, or any part of it cannot be delivered to plaintiff for any reason then plaintiff reserves the right to elect at the time the court enters its judgment on the jury's verdict to have judgment entered in the alternative against defendants and each of them for the value of such sum of such fund, if any, as is not delivered to plaintiff, * * *."

We turn now to what appears in the demurrer. Excepting that for convenience we have numbered four of its paragraphs, (no numbering appearing in the demurrer) its content was substantially this:

"Come now the defendants, * * * and demur to the

petition of the plaintiff as amended, and as grounds therefor, show to the court as follows:

(1) "That the said Petition as amended shows upon its face that this is an action for the immediate possession of money paid to the defendant, Walter R. Priebe, as Clerk of the Municipal Court of Des Moines, Iowa, in satisfaction of a judgment rendered in said Court in a case entitled C. J. Eller, Plaintiff, vs. Preferred Accident Insurance Company, Defendant, Law No. 81334."

(2) "That said Petition as amended shows upon its face that the plaintiff herein is not seeking to recover the possession of certain specific money which has been segregated and set apart or specially identified."

(3) "That the filing by the defendant, A. J. Myers, of his attorney's lien, referred to in plaintiff's Petition as amended, does not in law or in fact operate to segregate and particularly identify the money, the possession of which the plaintiff is seeking in this cause; that the filing of said lien does not in law or in fact operate to so segregate and identify the money as to be the subject of an action of replevin."

(4) "That the facts stated in plaintiff's Petition as amended do not entitle him to the relief demanded for the reason that money is not the subject of an action of replevin."

From the phraseology used it would seem that in demurrants' minds each of the paragraphs that we have numbered (1) to (4) was intended as a ground of the demurrer. In reading these paragraphs one observes that in paragraph (4) may be found, in substance, one of the grounds that section 11141, Code, 1935, makes permissible as a ground of demurrer in actions triable at law. That is, in paragraph (4) demurrants averred that the facts stated in plaintiff's petition as amended do not entitle him to the relief demanded. This was practically an adoption of the fifth ground found in section 11141. But of course the stating of this ground, in the words of the statute, was not sufficient. Section 11142, Code, 1935. To meet the necessity of showing wherein, or the reason why, this ground had application in this case, the defendants stated in paragraph (4) that it was "for the reason

that money is not the subject of an action of replevin." Differently stated, demurrants affirm that under no circumstances may a plaintiff recover possession of money in a replevin action, and therefore, because this plaintiff is a plaintiff who is attempting so to do, he is not entitled to the relief he demands. With this as a ground of demurrer we are unable to agree, because the authorities recognize that money may be such specific and identifiable property that the right to its possession may be tried out in replevin. Skidmore v. Taylor, 29 Cal. 619; Hoke v. Applegate, 92 Ind. 570; Lovell v. Hammond Co., 66 Conn. 500, 34 A. 511. Consequently the reason offered in support of the ground stated in paragraph (4) of the demurrer did not make available to defendants the fifth ground set out in section 11141.

What we have said with respect to paragraph (4) disposes of paragraph (1) of the demurrer. For the averments in paragraph (1) are no more than that the petition shows on its face that plaintiff's action is for the immediate possession of certain money. As shown in discussing paragraph (4) that fact, standing alone, is unavailing.

■■■ There are left for consideration paragraphs (2) and (3). In neither do the defendants expressly state which one of the six grounds of demurrer prescribed in section 11141 is relied upon. But the majority of the court is of the opinion that the averments are sufficient to show that in each of paragraphs (2) and (3) defendants were standing on the fifth ground of section 11141, and of the opinion that the demurrer was properly sustained, in view of the following considerations. Paragraph (2) should be viewed as averring that on its face the petition as amended shows that plaintiff is seeking to replevin money without making a showing that it is certain specific money, segregated and set apart, or specifically identified. Paragraph (3) should be viewed as averring, that on its face the petition as amended fails to show a segregation, effected by the filing of the lien, because such filing would not *ipso facto* effect a segregation or identification of the money. So viewed these paragraphs presented the question whether plaintiff's pleadings on their face showed that he was not entitled to the relief demanded, i.e., the possession of the money through replevin. It

has been suggested that, so far as appears on the face of the pleadings, the money may or may not be identifiable, and that the demurrer was premature until by motion for more specific statement the facts in that respect had been made to affirmatively appear on the face of the petition, one way or. the other. But the majority, not including the writer, is of the opinion that, because as a general proposition money may not be replevined, but may in the exceptional case that it is specific identifiable money, a plaintiff's petition in replevin must bring the case within the exception, and otherwise it is demurrable on the ground that it shows on its face that plaintiff is not entitled to relief in replevin. In this connection it may be noted that section 12177, Code, 1935, provides that, in an action of replevin, the petition must state, ''1. A particular description of the property claimed.''

There have been set out the plaintiff's averments that by their acts and conduct the defendants are estopped from asserting that the money was not segregated and identified so as to be the subject of replevin. In Hardy v. Moore, 62 Iowa 65, 17 N. W. 200, plaintiff served on defendant sheriff a notice of ownership. Thereafter defendant sold the property under execution. Subsequently to the sale plaintiff brought an action in replevin to recover possession of the property. Defendant insisted, because the property was not in his possession when the action was commenced, that the action could not be maintained. We stated that we could not concur in this proposition and that the action could be maintained, and if plaintiff established his right to the property he might have judgment for the value of such right. In the case at bar no such shifting of the property after notice is shown. Plaintiff relies upon the statement of the clerk that he would not deliver the fund but would hold same, until one of two things happened. These statements plaintiff construes as a promise or representation. But it does not appear that what was stated went to the extent of representing that in their being held there would be a segregating or earmarking of the funds. It follows that the allegations respecting an alleged estoppel did not obviate the aforestated necessity that plaintiff affirmatively show in his pleadings that the money

was properly the subject of replevin. The ruling on the demurrer is affirmed.—Affirmed.

HAMILTON, MILLER, MITCHELL, BLISS, STIGER, SAGER, HALE, and OLIVER, JJ., concur.