WILLIAM O. RANSOM, Plaintiff, and EMMA C. RANSOM, Executrix,
Substituted Plaintiff and as Intervenor, Appellants, v.
MARY T. MELLOR et al., Appellees.

No. 44981.

452

MAY 13, 1941.

Lane & Waterman, Mark A. Walsh, and Donald J. Pierr, for appellants.

Ben P. Poor and C. C. Clark, for appellees.

OLIVER, J.—Action in equity to construe the will and codicil of James J. Ransom, deceased, which has been admitted to and is now in course of probate in the District Court of Des Moines County, Iowa. Testator died in 1928. His heirs at law were William O. Ransom (the original plaintiff herein), who was the son of a deceased brother, and seven daughters of a deceased sister. The will, after providing for the payment of debts and several bequests not material hereto, directs the executors to convert the residuary estate (then all personalty) into money, "or if not invested in such securities at the date of my death, into such securities as may be suitable to constitute a trust fund, and such money and securities shall be placed with a reliable trust company, to be selected by my said Executrix and Executors, and said trust fund shall be by said trust company carefully managed in such a manner as will produce the largest income consistent with safe and conservative investments, and the net income from said trust fund shall be divided into" shares which shall be paid (in the respective proportions therein specified) to the nephew, the seven nieces and Lena Kurrle (a former employee) "for and during their lives." Upon the death of any

beneficiary the share of said decedent shall be paid to the surviving beneficiaries proportionately to their original shares. The codicil, after revoking provisions of the will disposing of the real estate, provides that it shall become part of the residuary estate and be disposed of as above provided "with this limitation and restriction; I direct that said real estate shall not be sold until the death of the daughters of my said deceased sister, and each of them, the net income from said real estate, however, being part of the trust created by my Will, and disposed of as provided therein."

It will be noted that the will disposes only of the income of the residuary estate or trust during the lives of the aforementioned beneficiaries. It makes no disposition of the corpus of the trust after the death of the last beneficiary. That omission is the foundation of this action in equity instituted by William O. Ransom, nephew of decedent, against the executor, the beneficiary Lena Kurrle, the six surviving nieces and the heirs of the seventh niece, the latter having died after the death of James J. Ransom. Therein William O. Ransom prayed for decree construing the will and adjudicating him to be the owner of an undivided one-half interest in the reversion or undisposed of remainder of said residuary estate, and each of testator's six nieces and the heirs of the seventh niece a 1/14 interest therein. Subsequently, William died and his widow, Emma C. Ransom, as executrix and sole beneficiary under his will, was substituted as plaintiff.

Various petitions, amendments and amendatory petitions were, from time to time, filed and were assailed by motions to dismiss and to strike, all of which appear to have been sustained. Judgment was entered dismissing the action and plaintiff has appealed.

The briefs refer to certain procedural propositions involving the various motions and the rulings thereon. It does not appear necessary to consider these propositions in view of appellant's statement in argument,

"Manifestly, the real question * * * is whether the lower court erred in its ruling on defendants' motion to dismiss the original petition, * * *."

The motion to dismiss asserts in part that the action is solely for the construction of a will; that the will is unambiguous in its terms and no interpretation or construction thereof is permissible, lawful or proper; that plaintiff has no such interest as to permit the bringing of the action; that the action is premature; that there is a defect in parties plaintiff and defendants; that the indispensable parties cannot be determined until the trust is terminated.

"The right of a court, whether equity or probate, to entertain an action solely for the construction of a will, applies only to such actions as pertain to wills where the meaning is uncertain in its terms—ambiguous." Anderson v. Meier, 227 Iowa 38, 41, 287 N. W. 250, 251. Where the language is plain and unequivocal there is no room for construction. In re: Estate of Thomas, 220 Iowa 50, 54, 261 N. W. 622, 624; First Methodist Church v. Hull, 225 Iowa 306, 280 N. W. 531.

And the court, in the Meier case [at page 41 of 227 Iowa, page 252 of 287 N. W.], quotes with approval statements in 69 C. J. 866 and 867, that " 'the court cannot acquire jurisdiction to construe a will by allegations that a question requiring construction exists when the record shows there is no such question. * * * The language of the will must be such that the parties may reasonably have doubts concerning its true construction.' "

In this case the language of the will and codicil is clear and unambiguous. They plainly provide for the holding of the entire residuary estate in trust, and the payment of the income to certain named beneficiaries during their respective lives, in the specific proportions therein set out. However, the will makes no disposition (or further mention) of the corpus of the trust, which will remain after the determination of the life estates. This is the main basis of appellant's claim of right to a construction of the will. Strictly speaking, it does not relate to the construction of language used. What appellant seeks is a judicial declaration as to the legal effect of the omission from the will of any provisions for the disposition of said corpus. But there is no legal uncertainty upon this point. Clearly the undisposed corpus of the trust constitutes an estate in reversion or reversionary interest.

An estate in reversion or reversionary interest is the

residue of an estate left by operation of law in the grantor or devisor or his successors, commencing in possession on the determination of a particular estate granted or devised. It remains vested in the sense of a present fixed right of enjoyment in the future. 21 C. J. 1016, 1018, 1046; 23 R. C. L. 1100; Thompson on Real Property, Perm. Ed., sec. 2180; 1 Cooley's Blackstone, 4th Ed., 578. Upon the death of a testator, such an estate or interest, left undisposed by will, passes at once to his heirs at law, the same as any other intestate property. Podaril v. Clark, 118 Iowa 264, 269, 91 N. W. 1091; Leighton v. Leighton, 193 Iowa 1299, 188 N. W. 922; Horak v. Stanley, 216 Iowa 318, 249 N. W. 166.

We do not think there is any such uncertainty or ambiguity in the provisions in question or such doubt of their legal effect as to require a court of equity to entertain an action for the construction.

But appellant contends the rule that an unambiguous will need not be construed was circumvented by the pleadings in this case in that other causes of action were set out and other relief was prayed, the granting of which would incidentally require such construction. One such prayer was for the quieting of title in appellant to her interest in the reversion in the various specific parcels of real estate. Appellant points out that the scope of actions to quiet title has been enlarged by statute and that one having an interest in reversion in real estate may thereunder bring action to determine the same. Code section 12285. Ward v. Meredith, 186 Iowa 1108, 173 N. W. 246. We agree with this proposition but not with its applicability to the case at bar. Here all the real estate is a part of the trust and the will directs its conversion into money or securities. Therefore, it does not appear that appellant could have any such interest in the specific parcels of real estate as would entitle her to maintain such action.

Nor do we think appellant's prayer for the determination and establishment of her interest in the corpus of the trust broadens the relief sought and requires a court of equity to entertain the suit. The main purpose of the action was to secure the construction of the will. The prayer that her interest in the corpus of the trust be determined and established is neces-

sarily included therein and is merely subordinate thereto and colorable. In connection with this proposition only, see Nicklin v. Downey, 101 W. Va. 320, 132 S. E. 735; Horton v. Horton, 46 R. I. 492, 129 A. 499.

Other relief demanded included the appointment of a trustee, an accounting by the executors and certain other findings and instructions involving administrative procedure. It is sufficient to say that such matters may so far as proper and necessary, be determined in the probate proceedings now pending in said court. A court of equity will not interfere with the plain and ordinary proceedings in the settlement of estates pending in the probate court. First Methodist Church v. Hull, 225 Iowa 306, 280 N. W. 531. The trust property is in the possession of the legal representatives of the estate and it does not appear that appellant's rights are in danger of being prejudiced.

We conclude that the trial court did not err in declining to entertain the action and that the rulings and judgment should be affirmed. Appellees' motion to dismiss the appeal has been considered and is overruled.—Affirmed.

MITCHELL, SAGER, STIGER, BLISS, MILLER, WENNERSTRUM. and GARFIELD, JJ., concur.

HALE, C. J., takes no part.