S. E. Wright et al., appellants, v. Israel L. Copeland et al., appellees.

No. 47565.

(Reported in 41 N.W. 2d 102)

Fᴇʙʀᴜᴀʀʏ 7, 1950.

Life & Davis, of Oskaloosa, and H. E. DeReus, of Knoxville, for appellants.

Roberts & Roberts, of Ottumwa, for appellees Israel L. Copeland and Melvin L. Copeland.

McElroy & Truitt, of Ottumwa, for appellee Walter H. McElroy, as executor of the last will and testament of Gertie M. Davis, deceased.

Ralph W. Burt, of Ottumwa, per se guardian ad litem of appellee Bessie Baker, an incompetent.

GARFIELD, J.—The important question for decision is whether the residuary clause of the will is ambiguous.

Plaintiffs' appeal is from the sustaining of defendants' motion to dismiss the petition. Plaintiffs failed to plead further and thereby elected to stand on the record theretofore made. The above ruling is therefore deemed a final adjudication. Rule 86, Rules of Civil Procedure. See also Town of Lakota v. Gray, 240 Iowa 193, 194, 35 N.W. 2d 841, 842; Brown v. Schmitz, 237 Iowa 418, 422, 22 N.W. 2d 340, 342, 343; In re Estate of Robinson, 231 Iowa 1099, 1101, 3 N.W. 2d 158, 160, and citations.

The petition in equity states: Gertie M. Davis, sixty-one, died testate in 1947 without lineal descendants, predeceased by her spouse and parents, survived only by these collateral relatives as her legal heirs—four aunts, two uncles, one of whom is since deceased, and seven cousins. The aunts, the surviving uncle, the successors in interest of the deceased uncle, and five of the cousins are plaintiffs. The two remaining cousins, an assignee (Melvin Copeland) of one of the two (Israel Copeland), and the executor of testatrix' probated will are defendants. The sixth paragraph of the will (here in controversy) provides:

"The remainder and residue of my estate shall be converted by my executor into cash, and divided among my legal heirs as provided by law and according to the statutes of Iowa."

The petition further alleges: Paragraph 6 is definite as to who are the beneficiaries thereunder, being the collateral relatives previously named, but is indefinite and ambiguous as to the nature and amount of the shares to be received by the respective beneficiaries. That under the surrounding circumstances and said paragraph 6 it was testatrix' purpose and intent that the residue of her estate be converted into cash and divided equally on a per capita basis among her legal heirs, the previously named relatives.

The petition prays it be determined the named relatives were the persons who were testatrix' legal heirs, that paragraph 6 be construed and in so doing it be determined that the cash derived from the residuary estate be divided equally on a per capita basis among those who were testatrix' legal heirs.

The will, attached to and made part of the petition, provides for the payment of debts, devises life estates in one hundred twenty acres and one hundred sixty acres, contains specific legacies of a large diamond ring and $2000, and directs the executor to pay the inheritance tax on the estate and each gift under the will. Paragraph 6 above set out follows.

The guardian ad litem for one of the two cousins-defendants, an incompetent, filed answer admitting plaintiffs' petition and joining in its prayer.

The remaining cousin-defendant (Israel L. Copeland), his assignee and testatrix' executor filed motions to dismiss the petition on these grounds: (1) The facts alleged do not entitle plaintiffs to the relief demanded. (2) Testatrix' estate is now in administration in the probate court and plaintiffs have adequate remedy at law in that court. (3) There is no ambiguity in testatrix' will and therefore no evidence can be taken in regard to the action because the statutes are conclusive and exclude any hearing on the matter.

I. The first of these grounds, standing alone, is too indefinite to be considered because it does not specify wherein the petition is claimed to be insufficient as required by rule 104(b) and (d), Rules of Civil Procedure. Incidentally, the law on this point was the same under sections 11130 (superseded by rule 104), 11141 and especially 11142 (superseded by rule 67), Code, 1939. Eller v. Myers, 229 Iowa 114, 117, 294 N.W. 232; State ex rel. Schlegel v. Munn, 216 Iowa 1232, 1234, 1235, 250 N.W. 471, and citations.

II. The second ground of the motion presents insufficient basis for the dismissal. We may assume, without deciding, this action should have been brought in the probate court where the estate is being administered. Bringing it in equity rather than probate is not ground for dismissal but merely for its transfer to the proper docket. Section 611.7, Code, 1946. Since defendants did not move for such transfer pursuant to section 611.9 the error, if any, in the kind of proceedings was waived. Section 611.12.

We have frequently pointed out there is but one court of general jurisdiction in Iowa—the district court. This is the same court in which the probate proceeding was pending and in

which this equity action was commenced. Plaintiffs are entitled to any relief in this action to which they would have been entitled if it were in probate because objection to its commencement in equity was not raised in the manner prescribed by the statutes above-cited—a motion to transfer to probate.

Among the numerous decisions in support of the above views are Jennings v. Schmitz, 237 Iowa 580, 584, 585, 20 N.W. 2d 897, 900, 901, and citations; In re Guardianship of Damon, 238 Iowa 570, 573, 28 N.W. 2d 48, 50, and citations; Cleghorn v. Benjamin, 239 Iowa 455, 459, 31 N.W. 2d 887, 889, 890. See also Beem v. Beem, 241 Iowa 247, 41 N.W. 2d 107.

III. The third ground of the motion to dismiss, that there is no ambiguity in the will, presents the vital question for our decision.

We have said several times that a suit for construction of a will cannot be maintained where its terms are clear and unambiguous. First Methodist Church v. Hull, 225 Iowa 306, 311, 280 N.W. 531; Anderson v. Meier, 227 Iowa 38, 41, 287 N.W. 250; Ransom v. Mellor, 230 Iowa 451, 454, 297 N.W. 861, 862; In re Estate of Edwards, 231 Iowa 71, 72, 300 N.W. 673, 674. See also 69 C. J., Wills, section 1987, pages 866, 867.

These statements appear to be based on the rule that where a will is clear its meaning is to be ascertained therefrom without consideration of extrinsic evidence. Even though language of a will is plain so that resort to extrinsic evidence is not proper, there seems to be no compelling reason why interested parties, acting in good faith, should not have a court decision as to what such language means. And this has been done in effect in at·least some of our cases which have denied the right to maintain such a suit. See for example First Methodist Church v. Hull and Ransom v. Mellor, both supra.

In any event, the fact that the meaning of a will can be ascertained does not prevent the court from entertaining such a suit as this. Where a will is so ambiguous its meaning cannot be determined it is held to be void. Roberts v. Roberts, 231 Iowa 394, 400, 1 N.W. 2d 269, 272; Wintermute v. Heinly, 81 Iowa 169, 47 N.W. 66.

Where the language of a will is such that interested parties may have reasonable doubts as to its true construction

we have said such an action as this will lie. Anderson v. Meier, supra, 227 Iowa 38, 41, 287 N.W. 250; Anderson v. Conklin, 229 Iowa 232, 237, 294 N.W. 339; Ransom v. Mellor, supra, 230 Iowa 451, 454, 297 N.W. 861, 862. See 69 C. J., Wills, section 1987, page 867. Certainly if the sixth paragraph of this will is such that extrinsic evidence is receivable as an aid to its true interpretation the petition should not have been dismissed.

We think paragraph 6 of this will is not so plain and unambiguous that plaintiffs are not entitled to have it judicially construed and that the motion to dismiss was improperly sustained.

We have held almost countless times that the purpose of construing a will is to ascertain the testator's intent and give it effect unless contrary to law. The intent must be determined from the will itself where it is plain and unambiguous. But where the language is doubtful or uncertain extrinsic evidence may be received, not to vary the effect of the language used, but to disclose the circumstances under which the will was made and thus throw light upon the testator's intent. In re Estate of Syverson, 239 Iowa 800, 805, 806, 32 N.W. 2d 799, 801, 802, and citations; In re Estate of Fintel, 239 Iowa 475, 479, 31 N.W. 2d 892, 894, and citations; Westerfelt v. Smith, 202 Iowa 966, 211 N.W. 380. See Geisinger v. Geisinger, 241 Iowa 283, 41 N.W. 2d 86; annotation 94 A. L. R. 26, 44, 215.

It is true, as appellees argue, that if testatrix had died intestate half her estate could have gone to her cousin, defendant Israel Copeland, as the sole representative of decedent's father, and the remaining half would have gone to the four aunts, two uncles and six cousins, as the representatives of decedent's mother, who (except for the deceased uncle) ask that paragraph 6 be construed. Section 636.40, Code, 1946. The effect of the trial court's ruling is that paragraph 6 plainly provides for such a division of the residuary estate. While the ultimate decision may perhaps properly call for such division we think it should be ordered only after the parties have opportunity to show the circumstances surrounding testatrix when the will was made as an aid to its true interpretation.

Paragraph 6 provides that the residuary estate shall be "divided among my legal heirs as provided by law and according

to the statutes of Iowa." A single class is designated. There is no direct mention of two classes such as the relatives on the father's side and those on the mother's side. Nor is an equal division between such two classes and then another division between the members of either class plainly designated. The will does not clearly convey the thought of two parts of the residuary estate—one to go to the paternal relative and the other to the maternal relatives.

We have repeatedly held such terms as "heirs" and "legal heirs" have no fixed meaning. Technically "heirs" are those upon whom the law casts the estate immediately on the death of the ancestor. In re Estate of Austin, 236 Iowa 945, 947, 20 N.W. 2d 445, 447, 162 A. L. R. 709, 712, and citations. Yet this meaning is frequently not applied but the sense in which the term is used is determined from the will and the surrounding circumstances. See Slavens v. Bailey, 222 Iowa 1091, 1095, 270 N.W. 367; In re Estate of Clifton, 207 Iowa 71, 76, 79, 218 N.W. 926; Westerfelt v. Smith, supra, 202 Iowa 966, 211 N.W. 380; Warden v Overman, 155 Iowa 1, 5, 8, 135 N.W. 649; Kalbach v. Clark, 133 Iowa 215, 222, 223, 110 N.W. 599, 12 L. R. A., N. S., 801, 12 Ann. Cas. 647; Furenes v. Severtson, 102 Iowa 322, 325, 71 N.W. 196.

In Warden v. Overman, supra, the residuary clause was a gift "to my lawful heirs * * * to be divided between them in shares and proportions as provided by law, and under the inheritance laws now in force in the state of Iowa." In construing this provision we held "the court must consider the will in all its parts, and in the light of all the relevant facts and circumstances under which the instrument was executed." Accordingly, an adopted daughter, although a "lawful heir" included under the inheritance laws, was held not entitled to share the residuary estate with heirs of the blood.

Appellants argue the words "as provided by law and according to the statutes of Iowa" which follow "my legal heirs" in paragraph 6 were intended to make certain those who were to take under the flexible term "my legal heirs" and do not necessarily direct an unequal division among the members of the class. A reference to the statutes of distribution is perhaps usually taken as pointing out not only those who are to take

but also the proportions in which they are to take. But sometimes such reference is only for the purpose of defining the class which is to take. See 57 Am. Jur., Wills, section 1299, and authorities n. 19.

■ As previously indicated, we think the above-quoted language does not so clearly specify a division per stirpes that the court should not call to its aid the circumstances under which the will was executed and read it in the light of the environment which then surrounded testatrix. See In re Estate of Bunting, 220 Iowa 186, 188, 261 N.W. 922; In re Estate of Clifton, supra, 207 Iowa 71, 76, 218 N.W. 926.

That the will shows an intent to make a division in two equal parts between testatrix' sole paternal relative on the one hand and her many maternal relatives (half of whom were more closely related to her) is rendered somewhat doubtful by the words "divided *among* my legal heirs." A distribution "among" persons naturally suggests that testatrix had in mind a division among a number greater than two and to several individuals rather than to two classes or to an individual and a named group, for which the appropriate word would be "between." In re Davis's Estate, 319 Pa. 215, 218, 179 A. 73, 74; Rowley v. Currie, 94 N. J. Eq. 606, 613, 120 A. 653, 656; St. Louis Union Tr. Co. v. Little, 320 Mo. 1058, 1074, 10 S.W. 2d 47, 53.

Further, a division *among* persons implies that each shall share equally unless the context shows a contrary intent. See definition of "among" in Webster's New International Dictionary, Second Edition; Thompson on Wills, Third Ed., section 319.

Use of the word "among" rather than "between" in a direction to divide a bequest is frequently taken as some evidence of an intent that the beneficiaries take in equal shares. Use of "between" is some evidence of an intent to divide between two groups or between an individual and a group. Knutson v. Vidders, 126 Iowa 511, 516, 102 N.W. 433. Annotations on "Taking per stirpes or per capita under will," 16 A. L. R. 15, 26–28; 78 A. L. R. 1385, 1391; 126 A. L. R. 157, 163.

It is true "between" is frequently used in the sense of "among" but we do not find that "among" has often been construed to mean "between" in cases of this kind. See Kling v.

Schnellbecker, 107 Iowa 636, 638, 78 N.W. 673; In re Bayard's Estate, 340 Pa. 488, 494, 17 A. 2d 361, 363.

In the annotation in 78 A. L. R. 1385, 1387, it is said:

"The determining factor in construing a will and ascertaining whether the beneficiaries shall take per stirpes or per capita is the intention of the testator, which can be reached only by an examination of the language used, *as applied to all the surrounding circumstances and the conditions present in the mind of the testator* at the time the will was written." (Italics added.)

To the same effect is 69 C. J., Wills, section 1312, page 287. See also Thompson on Wills, Third Ed., section 316, page 474; id., section 317, page 478. Later decisions affirm the rule just quoted. Annotation 126 A. L. R. 157, 159.

 It is frequently said that precedents are of little help in the interpretation of a particular will except as they state principles which may aid in arriving at the true intent of the testator. In re Estate of Syverson, supra, 239 Iowa 800, 805, 32 N.W. 2d 799, 801; Odens v. Veen, 234 Iowa 1029, 1032, 14 N.W. 2d 705, 706, and citation; Furenes v. Severtson, supra, 102 Iowa 322, 326, 71 N.W. 196; 57 Am. Jur., Wills, section 1123. See also In re Estate of Wright, 241 Iowa 349, 41 N.W. 2d 80.

This case is before us upon a petition that alleges, and a motion to dismiss (like a demurrer) which admits, it was testatrix' purpose and intent that her residuary estate be divided equally among her heirs. Of course if the language of paragraph 6 clearly calls for a division per stirpes it must control. As stated, we feel such language is not so plain and that it should be construed in the light of the surrounding circumstances. The kind of extrinsic evidence which is receivable in such cases is fully considered in annotation 94 A. L. R. 26.—Reversed and remanded.

All JUSTICES concur.