Harold G. HOSFELT and Lyle G. Hosfelt,
Appellants,

v.

Gilbert E. LACEY and Esma R. Lacey,
Appellees.

No. 52604.

Supreme Court of Iowa.

July 18, 1968.

Jones, Cambridge & Carl, by Ronald W. Feilmeyer, Atlantic, for appellants.

Harold G. DeKay, Atlantic, for appellees.

RAWLINGS, Justice.

Law action for damages resulting from single vehicle accident was dismissed on defendants' pleading based motion, and plaintiffs appeal. We reverse.

The petition filed alleged that as an automobile owned and operated by Harold G. Hosfelt, with Lyle G. Hosfelt as guest, was passing defendants' farm home, a dog owned by them ran onto the highway in front of the car and in order to avoid striking the animal the driver turned left into path of an opposite direction automobile, then swerved right and the car upset causing injury to both plaintiffs, damaging the vehicle.

Each plaintiffs' cause of action is set forth in a separate division of the petition, both divisions containing two counts which, for purpose of this review, are identical. Count I is based on statutory liability under Code section 351.28, Count II being premised upon common law negligence.

Defendants countered with this motion: "Comes now the defendants, and move the Court to dismiss the action filed by the plaintiffs, Harold G. Hosfelt and Lyle G. Hosfelt, for the reason that if all of the facts as set forth in each Count of each Division were true, they would not give rise to a cause of action, on behalf of the plaintiffs, as against the defendants."

Plaintiffs contend trial court erred in ordering dismissal.

Although counsel for defendants elected not to file printed brief on appeal, he did appear and present oral argument to the court.

**520**

■ I. Upon entry of order sustaining defendants' motion, plaintiffs elected to stand on the record. Under these circumstances the challenged ruling is deemed a final adjudication. Rule 86, R.C.P., and The J. R. Watkins Co. v. Kramer, 250 Iowa 947, 949, 97 N.W.2d 303.

II. Rule 104, R.C.P., provides in material part:

"Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that:

"(a) * * *

"(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer.

"(c) * * *

"(d) Such motions must specify wherein the pleading they attack is claimed to be insufficient."

In Wright v. Copeland, 241 Iowa 447, 41 N.W.2d 102, we were confronted with a situation comparable to that posed in the case at bar. One ground of the motion involved in the cited case was: "(1) The facts alleged do not entitle plaintiffs to the relief demanded." On that point this court said, loc. cit., 241 Iowa 450, 41 N.W.2d 104: "The first of these grounds, standing alone, is too indefinite to be considered because it does not specify wherein the petition is claimed to be insufficient as required by rule 104(b) and (d), Rules of Civil Procedure." See also McDannel v. Parkview Investment Corp., 257 Iowa 1160, 1163, 136 N.W.2d 281, and Wernet v. Jurgensen, 241 Iowa 833, 836–837, 43 N.W.2d 194.

■ III. We conclude defendants' motion is too indefinite, broad and uncertain to meet the standards imposed by rule 104, supra, and trial court erred in entering the challenged dismissal order.

By virtue of this holding there is no need to now consider other matters asserted by plaintiffs on appeal.

The case is reversed and remanded with instructions to set aside the order heretofore entered and overrule defendants' motion to dismiss.

Reversed and remanded with instructions.

All Justices concur.